FILED

DEC 22 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY STEVEN WRIGHT,

     Plaintiff,

                                           CV 10-6118-PK

                                           OPINION AND

v.                                     ORDER

THE AMERICAN'S BULLETIN NEWSPAPER
CORPORATION, and CYNTHIA MARIE
BREWER,

     Defendants.

PAPAK, Magistrate Judge:

     Plaintiff Anthony Steven Wright filed this action against defendants The American's

Bulletin Newspaper Corporation ("TAB") and Cynthia Marie Brewer on May 13, 2010. Wright,

an incarcerated prisoner proceeding *pro se*, alleges defendants' liability for defamation and breach

of contract. This action was initially assigned to Magistrate Judge Coffin, but was assigned to the

undersigned judge effective November 10, 2010. Now before the court are Wright's motion (#17)

styled as an "Emergency Motion for an Uncontested Trial for the Purposes of Determining the

Amount of Default Judgment Against The American's Bulletin Newspaper Corporation for

Failure to Defend," Wright's motion (#19) for partial summary judgment, and Wright's motion

Page 1 - OPINION AND ORDER

(#26) styled as an "Opposed Motion to [*sic*] the Defendant's Failure to Respond Through a
Licensed Bar Attor[n]ey . . . to Plaintiff's Emergency Motion for Uncontested Trial . . . and
Plaintiff's Motion for Summary Judgment . . . by 11/29/2010 as Ordered by Judge Papak." I have
considered the motions and all of the pleadings on file. For the reasons set forth below, defendant
TAB is ordered to show cause why default judgment should not be entered against it, and all three
of Wright's motions are denied with leave to refile at a later stage of these proceedings if
warranted.

## RELEVANT PROCEDURAL HISTORY

Wright filed this action May 13, 2010. On July 6, 2010, neither defendant having
appeared, Wright moved for entry of default judgment against both defendants. Two days later,
on July 8, 2010, both defendants filed first appearances in this action, each such appearance
purporting to constitute a pleading in answer to Wright's complaint. Neither filing was responsive
to the allegations of Wright's complaint, and the document filed on behalf of TAB was signed by
Brewer in her purported capacity as "Real Party in Interest" and "Principal in fact."

On September 9, 2010, Judge Coffin denied Wright's motion for entry of default judgment
on the grounds that the defendants had appeared, albeit belatedly, and that Wright had not
demonstrated any substantial prejudice from the delay in defendants' response to his initial
pleading. On September 20, 2010, Wright filed a document styled as an "Appeal to Article III
Judge" from Judge Coffin's disposition of the motion for entry of default judgment. The
gravamen of the purported appeal is that Judge Coffin's decision was in error as to defendant
TAB, based on the rule that a corporate entity may only appear in the person of a legal
representative. It does not appear that Judge Coffin's decision was subsequently referred to an

Article III judge for review.

On September 23, 2010, Wright filed his motion (#17) styled as an "Emergency Motion for an Uncontested Trial for the Purposes of Determining the Amount of Default Judgment Against The American's Bulletin Newspaper Corporation for Failure to Defend." Through this motion, it appears that Wright presumes that default judgment has been entered against TAB, and seeks a trial of the question of money damages only.

On October 1, 2010, Wright filed a document styled as a "Motion Objecting to Magistrate Coffin Illegally Allowing the Corporate Defendant to Proceed 'Pro Se' . . ." Through this filing, it appears that Wright intended to request reconsideration of Judge Coffin's order denying default judgment against defendant TAB.[1] Nevertheless, Judge Coffin did not construe the filing as a motion for reconsideration, and it does not appear that the "objections" it recited were referred to an Article III judge for review.

Also on October 1, 2010, Wright filed his motion (#19), styled as a motion for summary judgment but properly characterizable as a motion for partial summary judgment of Wright's claims against defendant TAB only. The gravamen of the motion is that Wright is entitled to judgment against TAB on the basis of the rule that a corporate entity may only appear in the person of a legal representative.

On November 10, 2010, this action was reassigned from Judge Coffin to the undersigned judge.

_____

[1] In support of his objections, Wright asserts, somewhat mystifyingly, that Brewer "was dismissed from this action without prejudice." Although this assertion may evidence Wright's desire to abandon his claims to the extent asserted against Brewer, I decline so to construe it in the absence of any unequivocal expression of intent voluntarily to dismiss the claims against Brewer.

On November 29, 2010, Wright filed his motion (#26) styled as an "Opposed Motion to [*sic*] the Defendant's Failure to Respond Through a Licensed Bar Attor[n]ey . . . to Plaintiff's Emergency Motion for Uncontested Trial . . . and Plaintiff's Motion for Summary Judgment . . . by 11/29/2010 as Ordered by Judge Papak."[2] The gravamen of the motion is, once again, that Wright is entitled to judgment against TAB based on TAB's failure to appear in the person of a legal representative.

On December 16, 2010, Wright filed a document styled as a "Motion in Opposition to Defendant's Failure to Answer Plaintiff's Summary Judgment as Ordered . . . ." Although styled as a motion, following analysis of its text I construe the document as an unauthorized supplemental memorandum in support of Wright's motion for partial summary judgment as to the claims against TAB.

## ANALYSIS

As a preliminary matter, I note that each of Wright's motions is noncompliant with applicable Local Rules. Local Rule 7-1(a) requires that the first paragraph of every motion filed with the court contain a statement certifying that:

    (A)    The parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or

    (B)    The opposing party willfully refused to confer; or

    (C)    The moving party or opposing party is a prisoner not represented by counsel.

---

[2] In support of his motion, Wright repeats his assertion that "Brewer was dismissed from this case." Again, I decline to construe this assertion as a request that Brewer be dismissed as a defendant to this action in the absence of any unequivocal expression of intent on the part of Wright voluntarily to dismiss his claims against Brewer.

L.R. 7-1(a)(1).[3]  Local Rule 7-1(a) expressly provides that the court may deny any motion that

fails to meet this certification requirement.  *See* L.R. 7-1(a)(2).  Wright's motion (#17) styled as an

"Emergency Motion for an Uncontested Trial for the Purposes of Determining the Amount of

Default Judgment Against The American's Bulletin Newspaper Corporation for Failure to

Defend" lacks any such statement.

Local Rule 7-1(c) requires that every motion be accompanied by a separate, and separately

filed, legal memorandum.  *See* L.R. 7-1(c).  That is, the legal argument supporting any motion

filed with the court must be contained within a different document from the document containing

the motion itself.  *See id.*  Each of the motions now before the court is noncompliant with Local

Rule 7-1(c).

Finally, Local Rule 56-1 sets forth the filing requirements in connection with a motion for

summary judgment.  Local Rule 56-1(a) requires, in addition to a separately filed supporting legal

memorandum, a separately filed concise statement of material facts, articulating "the undisputed

relevant material facts that are essential for the Court to decide only the motion for summary

judgment - not the entire case."  L.R. 56-1(a).  That statement must state each relevant material

fact in a separately numbered paragraph, with a citation to the affidavit, deposition testimony, or

other document that establishes that fact.  *See* L.R. 56-1(c)(1).  The concise statement cannot

exceed five pages without advance approval from the court.  *See* L.R. 56-1(d).  Wright's concise

statement in support of his motion for partial summary judgment is contained within the same

filing as his motion, and moreover contains argument in support of the motion in addition to its

---

[3] Local Rule 7-1(a) further requires that the caption of any motion not opposed by any
non-moving party shall contain the word "UNOPPOSED."

Page 5 - OPINION AND ORDER

recital of facts.

In the interest of resolving this dispute speedily, I forgive Wright's noncompliance with the Local Rules described above, and will forgive similar noncompliance in connection with any additional pending motions that may already have been filed as of the date hereof. However, in the event any party files any further motion that fails to comply with any of the Local Rules discussed above, I will deny the motion or recommend that the motion be summarily denied, as appropriate, without further consideration.

The gravamen of Wright's motion (#19) for partial summary judgment and motion (#26) styled as an "Opposed Motion to [sic] the Defendant's Failure to Respond Through a Licensed Bar Attor[n]ey . . . to Plaintiff's Emergency Motion for Uncontested Trial . . . and Plaintiff's Motion for Summary Judgment . . . by 11/29/2010 as Ordered by Judge Papak." – like Wright's September 20, 2010, request for review by an Article III judge and his October 1, 2020, objections to Judge Coffin's decision – is that Wright is entitled to default judgment against defendant TAB. Wright's motion (#17) styled as an "Emergency Motion for an Uncontested Trial for the Purposes of Determining the Amount of Default Judgment Against The American's Bulletin Newspaper Corporation for Failure to Defend," by contrast, is premised on the inaccurate assumption that default judgment has already been entered against TAB, and seeks determination of the money damages to which Wright is entitled from TAB.

The American's Bulletin[4] is a corporate entity. It is well established that a corporate entity

---

[4] It appears that The American's Bulletin may recently have been renamed as The American's Sovereign Bulletin. In the interest of minimizing the potential for confusion, I shall continue to refer to the entity variously known as The American's Bulletin or The American's Sovereign Bulletin as "The American's Bulletin" or as "TAB." My disposition of the motions before the court shall be enforceable against that entity, however it may now be denominated.

such as TAB may only appear before the court in the person of a legal representative. *See, e.g.,*
*Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664-665 (9th Cir. 2008). Because
TAB has not appeared in this action through any legal representative, it has yet to appear at all. I
note that, pursuant to Federal Civil Procedure Rule 12(a)(1), TAB was required to file a response
to Wright's complaint within 21 days after it was served with the complaint, or not later than
approximately July 1, 2010. I further note that TAB has been on notice of its failure to appear or
defend, and of the possibility that default judgment would, in consequence, be entered against it,
since at least September 20, 2010, when Wright first filed a document in this action expressly
citing the rule forbidding corporate entities from appearing other than through a legal
representative.

I therefore order TAB to show cause within thirty days of the date hereof why default
should not be entered against it in this action. In the event TAB fails to appear through a legal
representative within thirty days of the date hereof, I shall recommend that default judgment be
entered against it. In light of the foregoing, each of Wright's motions now before the court is
denied. Wright shall be permitted to refile one or more of his motions at a later stage of these
proceedings if warranted under then-applicable circumstances.

## CONCLUSION

For the reasons set forth above, defendant The American's Bulletin is ordered to show
cause within thirty days why default should not be entered against it in this action, and Wright's

/ / /

/ / /

/ / /

Page 7 - OPINION AND ORDER

motion (#17) for determination of money damages, motion (#19) for partial summary judgment, and motion (#26) for default judgment are each denied.

Dated this 22nd day of December, 2010.

Honorable Paul Papak
United States Magistrate Judge

Page 8 - OPINION AND ORDER