FILED

MAY 0 5 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY STEVEN WRIGHT,

     Plaintiff,

                                       CV 10-6118-PK

                                       FINDINGS AND
v.                                       RECOMMENDATION

THE AMERICAN'S BULLETIN NEWSPAPER
CORPORATION, and CYNTHIA MARIE
BREWER,

     Defendants.

PAPAK, Magistrate Judge:

     Plaintiff Anthony Steven Wright, an incarcerated prisoner proceeding *pro se*, filed this

action against defendants The American's Bulletin Newspaper Corporation ("TAB") and Cynthia

Marie Brewer on May 13, 2010, alleging the defendants' liability for defamation and breach of

contract. The court has jurisdiction over Wright's action pursuant to 28 U.S.C. § 1332, based on

the diversity of the parties and the amount in controversy. Now before the court are plaintiff

Wright's motion (#33) for appointment of pro bono counsel, Wright's motion (#49) styled as a

"writ of habeas corpus ad testificandum," defendant Brewer's motion (#53) styled as a motion for

"criminal charges," Brewer's motion (#54) styled as a motion for "counterclaim," Brewer's motion

Page 1 - FINDINGS AND RECOMMENDATION

(#58) for summary judgment, Wright's first motion (#60) styled as a motion "in opposition,"

Brewer's motion (#71) styled as a motion for "estoppel by deed," Brewer's motion (#73) styled as

a motion for "discovery of facts in the matter," Wright's motion (#79) styled as a motion to

dismiss Brewer's counterclaim, Wright's motion (#83) to substitute a party, Wright's motion (#88)

for issuance of a subpoena, Wright's first motion (#90) styled as a motion for leave to file

additional claims, Wright's first motion (#91) for partial summary judgment as to claims against

Brewer, Wright's motion (#93) styled as a motion under Federal Civil Procedure Rule 60(b),

Wright's second motion (#95) styled as a motion for leave to file additional claims, Wright's

second motion (#96) for partial summary judgment as to claims against Brewer, Wright's second

motion (#98) "in opposition," Wright's motion (#101) styled as a motion for "expert examination."

Wright's motion (#103) for judicial notice, Wright's motion (#109) styled as a motion for joinder

of claims, Wright's third motion (#110) for partial summary judgment as to claims against Brewer,

Brewer's motion (#113) styled as a motion for default judgment, Wright's motion (#118) styled as

a motion for joinder of claims, Wright's fourth motion (#120) for partial summary judgment as to

claims against Brewer, Wright's motion (#123) styled as a motion "to correct illegal and

fraudulent court orders," Wright's motion (#125) for sanctions, and the question whether

defendant TAB has shown cause why default should not be entered against it.  I have considered

the motions and all of the pleadings on file.  For the reasons set forth below, I recommend that

each of the foregoing motions be denied, and that default be entered against TAB in connection

with Wright's fraud claim only.  Default judgment should be prepared as to defendant TAB only.

## RELEVANT PROCEDURAL HISTORY

Wright filed this action May 13, 2010, whereupon it was assigned to Judge Coffin.  On

July 6, 2010, neither defendant having appeared, Wright moved for entry of default judgment against both defendants. Two days later, on July 8, 2010, both defendants filed first appearances in this action, each such appearance purporting to constitute a pleading in answer to Wright's complaint. Neither filing was responsive to the allegations of Wright's complaint, and the document filed on behalf of TAB was signed by Brewer in her purported capacity as "Real Party in Interest" and "Principal in fact."

On September 9, 2010, Judge Coffin denied Wright's motion for entry of default judgment on the grounds that the defendants had appeared, albeit belatedly and nonresponsively, and that Wright had not demonstrated any substantial prejudice from the delay in defendants' response to his initial pleading. On September 20, 2010, Wright filed a document styled as an "Appeal to Article III Judge" from Judge Coffin's disposition of the motion for entry of default judgment. The gravamen of the purported appeal was that Judge Coffin's decision was in error as to defendant TAB, based on the rule that persons other than natural persons may only appear in the person of a legal representative. It does not appear that Judge Coffin's decision was subsequently referred to an Article III judge for review. On November 10, 2010, this action was reassigned from Judge Coffin to the undersigned judge.

On December 16, 2010, Wright filed his motion (#33) for appointment of *pro bono* counsel to represent him in this action. Through this motion, Wright requests that Scott E. Warnick, an attorney appointed by Judge Mosman to represent Wright in a related action brought by him against The American's Bulletin, CV 09-10-PK, for the limited purpose of assisting Wright to prepare a writ of execution in that action, be appointed to represent him for all purposes in this action.

On December 22, 2010, I ordered defendant TAB to show cause why default should not be entered against it in this action, based on the rule that persons other than natural persons may only appear in the person of a legal representative, and on the fact that TAB had not made any appearance in this action through counsel. Neither TAB nor Brewer has filed any response to my order (#36) of December 22, 2010.

In my order dated December 22, 2010, I additionally advised the parties of the existence and gravamen of Local Rule 7-1(a) (which requires that the first paragraph of every motion filed with the court contain a statement certifying that the parties have made a good faith effort to resolve the dispute which is the subject matter of the motion, that the opposing party willfully refused to confer regarding the dispute, or that one of the parties is an incarcerated prisoner proceeding *pro se*), Local Rule 7-1(c) (which requires that every motion be accompanied by a separate, and separately filed, legal memorandum setting forth the legal argument in support of the motion), and Local Rule 56-1 (which sets forth the procedural requirements for filing a motion for summary judgment). I further advised the parties, in certain terms, that "in the event any party files any further motion that fails to comply with any of the Local Rules discussed above, I will deny the motion or recommend that the motion be summarily denied, as appropriate, without further consideration."

On January 10, 2011, Brewer filed two motions (#53, 54) styled, respectively, as a motion for "criminal charges" and a motion for "counterclaim," accompanied by a purportedly supporting affidavit. Neither motion is compliant with Local Rule 7-1(a), and the motion for criminal charges is out of compliance with Local Rule 7-1(c). In addition, neither the motions nor the purportedly supporting declaration contains any intelligible, specific statement of the relief

Page 4 - FINDINGS AND RECOMMENDATION

Brewer seeks through either motion.

On January 21, 2011, Wright filed a document (#49) styled as a writ of habeas corpus ad testificandum. Through this document, Wright seeks a court order directing the warden of a penal institution in which Wright was at one time housed to deliver custody of Wright to the U.S. Marshals in order to permit Wright to testify in the trial of this matter. Wright filed no legal memorandum in support of the purported writ.

On January 24, 2011, Brewer filed her motion (#58) for summary judgment. Her motion is noncompliant with Local Rule 7-1(a), although it is compliant with Local Rule 7-1(c), in that it is accompanied by a separately filed memorandum.

On January 31, 2011, Wright filed a document (#60) styled as a "motion in opposition," accompanied by a separate supporting memorandum. The gravamen of the motion appears to be that Wright is entitled to default judgment against TAB, and that on that basis Wright "opposes" any delay in the issuance of default judgment in his favor. As such, the motion is probably best construed as a superfluously renewed motion for default judgment against TAB.

On February 15, 2011, Brewer filed a motion (#71) styled as a motion "for estoppel by deed," by which she appears to seek an order from the court finding Wright estopped "from damaging or hurting others." Her motion is accompanied by a supporting memorandum, but is not compliant with Local Rule 7-1(a). That same day, Brewer filed a motion (#73) styled as a motion for "discovery of facts in the matter." Like the motion for estoppel by deed, the motion for discovery of facts in the matter motion is accompanied by a supporting memorandum, but is not compliant with Local Rule 7-1(a). The gravamen of this latter motion is not discernable from the text of the motion itself or from the text of the materials submitted in purported support thereof.

On February 24, 2011, Wright filed a motion (#83) to substitute Marianne McCutcheon in place of TAB as a defendant in this action. Wright's motion is accompanied by a supporting document styled as both a legal memorandum and a sworn declaration. Analysis of the supporting document suggests that it is best construed as a sworn declaration containing evidentiary testimony rather than as a memorandum containing a legal argument in support of the motion. On this construal, Wright's motion is noncompliant with Local Rule 7-1(c).

On February 25, 2011, Wright filed a motion (#79) styled as a motion to dismiss Brewer's counterclaim. The purported counterclaim that is the subject of Wright's motion is not specified, but appears likely to be Brewer's motion (#54) for counterclaim.[1] In support of the motion, Wright filed his sworn declaration, but no memorandum of law. The motion is therefore out of compliance with Local Rule 7-1(c).

On March 4, 2011, Wright filed a document (#88) styled as a "subpoena," accompanied by a supporting declaration but no supporting memorandum. The text of the document indicates that the "motion for subpoena is in opposition to . . . docket entr[ie]s [27, 28, 30-32, and 50-59] . . . ." In his supporting declaration, Wright complains that he has never received copies of the filings docketed as Docket Nos. 27, 28, 30-32, or 50-59. It appears likely that Wright intends his filing to serve as a motion for an order directing the clerk of court to issue a subpoena commanding Brewer to produce copies of those filings for inspection. On this interpretation, the construed motion is out of compliance with Local Rule 7-1(c).

On that same date, Wright filed a motion (#93) styled as a motion under Federal Civil

---

[1] As noted above, neither Brewer's motion nor the materials submitted in purported support thereof actually state any specific, intelligible counterclaim against Wright.

Procedure Rule 60(b), which provides a mechanism for obtaining relief from a final judgment, order, or proceeding. In support, Wright filed a document styled as a legal memorandum but containing, in addition to what may loosely be characterized as legal argument, what appears to be evidentiary testimony declared under oath. Although such a hybrid document is not, strictly speaking, a legal memorandum compliant with Local Rule 7-1(c), in light of the Ninth Circuit's policy of liberally construing procedural requirements as applied to parties proceeding *pro se*, I elect to construe it as a legal memorandum.

Although it is difficult to ascertain from the supporting document precisely what relief Wright hopes to obtain by and through his Rule 60(b) motion, analysis suggests that Wright seeks relief from the default judgment he himself requested against TAB (a judgment which has not, in fact, issued), to the extent that judgment may purport to resolve Wright's claim of defamation against TAB. It further appears that Wright intends this motion to effect the voluntary dismissal of Wright's defamation claim against TAB (but not against Brewer).

Also on that same date, Wright filed two motions (#90, 95) for leave to file additional claims against Brewer. Although each motion is compliant with Local Rule 7-1(a), neither is accompanied by a separately filed supporting legal memorandum. In support of each motion, Wright filed the text of one or more claims he proposes to add to his existing pleading.

Also on that same date, Wright filed two separate motions (#91, 96) for partial summary judgment as to claims against Brewer. The first of these apparently addresses Wright's claims for defamation and breach of contract against Brewer, and the second apparently addresses a claim that is the subject of his second motion to amend his pleading, specifically a claim for fraud. Each motion for partial summary judgment is accompanied by a document styled as a supporting

memorandum, but containing what analysis reveals as constituting a separate statement of undisputed facts in support of the motion. Neither supporting document contains any legal argument in support of either motion. The motions are therefore out of compliance with Local Rule 7-1(c).

Also on that same date, Wright filed a second document (#98) styled as "motion in opposition," accompanied by a supporting declaration (and no legal memorandum). Analysis of the text of the filings suggests that (despite its styling) Wright does not intend the document to serve as a motion, but rather intends the filings to function, collectively, as a memorandum in opposition to all of Brewer's motions to the extent that those motions are out of compliance with applicable Local Rules.

On March 11, 2011, Wright filed a motion (#101) for "expert examination," filing in support a sworn declaration but no legal memorandum. The motion is therefore out of compliance with Local Rule 7-1(c). By and through this motion, Wright requests that the court order forensic examination of certain court filings (appearing at Docket Nos. 50-53) to determine whether the filings are forgeries, at Brewer's expense.

On that same date, Wright filed a document styled as "Plaintiff's Judicial Notice of Liable Aliases and Name Changes of the American's Bulleting Newspaper Corp. to Satisfy Default Judgment." In support, Wright filed a declaration with attached exhibits, but no supporting legal memorandum. Analysis of the filings suggests that Wright intends to move that the court take judicial notice that TAB operates under a variety of specified names. So construed, the motion is out of compliance with Local Rule 7-1(c).

Also on that same date, Wright filed a motion (#109) styled as a motion for joinder. In

Page 8 - FINDINGS AND RECOMMENDATION

support, Wright filed the text of a new claim that he appears to propose to add to his existing

complaint, as well as exhibits in support of the proposed new claim. The motion is

unaccompanied by any supporting legal memorandum, and as such is not compliant with Local

Rule 7-1(c). Analysis suggests that the motion is most aptly construed as a motion for leave to

amend Wright's pleading. Also on that same date, Wright filed a motion (#110) for partial

summary judgment as to his proposed new claim. In support, Wright filed a document styled as a

"memorandum," but containing a statement of undisputed facts rather than legal argument in

support of the motion. As such, the motion is out of compliance with Local Rule 7-1(c).

On March 15, 2011, Brewer filed a motion (#113) styled as a motion for default judgment,

filing in support a legal memorandum and her own declaration. Her motion does not contain any

statement in compliance with Local Rule 7-1(a). Perplexingly, her motion appears to address, not

the disposition of any counterclaim alleged against Wright in this action, but rather various

documents styled as invoices which she has sent to Wright.

On March 21, 2011, Wright filed another motion (#118) styled as a motion for "joinder."

In support, Wright filed his existing pleading (as originally filed on May 13, 2010) with

supporting exhibits, and the text of a new claim he proposes to add to his existing pleading, but no

legal memorandum. As such, the motion is out of compliance with Local Rule 7-1(c). Analysis

suggests that the motion is most aptly construed as a motion for leave to amend Wright's pleading.

Also on March 21, 2011, Wright filed a motion (#120) for partial summary judgment as to the

proposed new claim. In support, Wright filed a document styled as a "memorandum," but

containing a statement of undisputed facts rather than legal argument in support of the motion. As

such, the partial summary judgment motion is likewise out of compliance with Local Rule 7-1(c).

On March 24, 2011, Wright filed a motion (#123) styled as a motion "to correct illegal and fraudulent court orders," accompanied by a separately filed legal memorandum. Analysis of the memorandum indicates that the motions is best construed as a superfluously renewed motion for default judgment against TAB.

On March 28, 2011, Wright filed a motion (#125) for sanctions against Brewer, filing in support a separate legal memorandum. By this motion, Wright requests that all of Brewer's pending motions be denied and stricken from the record, and that all of his own pending motions be granted, in consequence of Brewer's failure to comply with Local Rules 7-1(a), 7-1(c), and 56-1. In addition, Wright further requests that Brewer be ordered to confine her filings and argument to defending the claims Wright has alleged against her.

## ANALYSIS

As noted above, on December 22, 2010, I advised the parties of the requirements imposed by Local Rules 7-1(a), 7-1(c), and 56-1, and further advised the parties that "in the event any party files any further motion that fails to comply with any of the Local Rules discussed above, I will deny the motion or recommend that the motion be summarily denied, as appropriate, without further consideration." Also as noted above, a majority of the motions pending in this action that were filed following December 22, 2010, are out of compliance with one or more of these Local Rules. However, rather than recommend summary denial of the noncompliant motions without further proceedings, in light of the parties' evident enduring confusion regarding motion practice in federal court – and in light of intervening changes to one of the Local Rules that I described to the parties on December 22, 2010 – I elect as a preliminary matter to advise the parties in greater detail as to some of the procedural rules governing motion practice, and to provide more than

Page 10 - FINDINGS AND RECOMMENDATION

summary discussion of the noncompliant motions. I will, however, summarily deny or recommend summary denial of any further motion filed by the parties that fails to comply with any of the procedural requirements described herein, as appropriate.

## I.    Federal Motion Practice

Not every document a litigant may file with the court is a "motion." Filing a motion is the procedural mechanism by which a litigant requests that a judge make a decision regarding a limited, contested issue in a lawsuit. The purpose of filing a motion is therefore best served if the motion contains a short, plain statement of the issue the moving party (that is, the party filing the motion) wishes to have resolved, as well as of the resolution of the issue that the moving party believes the judge should adopt. Indeed, Federal Civil Procedure Rule 7(b)(1) provides that:

A request for a court order must be made by motion. The motion must:

    (A)    be in writing unless made during a hearing or trial;

    (B)    state with particularity the grounds for seeking the order; and

    (C)    state the relief sought.

Fed. R. Civ. P. 7(b)(1).

As I have already informed the parties, Local Rule 7-1(a) provides that the first paragraph of every written motion filed with the court must contain a statement certifying that:

    (A)    The parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or

    (B)    The opposing party willfully refused to confer; or

    (C)    The moving party or opposing party is a prisoner not represented by counsel.

L.R. 7-1(a)(1).[2] Local Rule 7-1(a) expressly provides that the court may deny any motion that fails to meet this certification requirement. *See* L.R. 7-1(a)(2).

Where, as here, one of the parties to a legal action is an incarcerated prisoner proceeding *pro se*, the first paragraph of any motion need only so state for the motion to be in compliance with the requirements of Local Rule 7-1(a). Under the Local Rule, the first paragraph of *every* motion filed in this action must contain a statement certifying compliance with this requirement.

The next paragraph of the motion, and any following paragraphs, should contain statements satisfying the requirements of Federal Civil Procedure Rule 7(b)(1). As indicated above, these requirements are satisfied by a short and plain statement of the issue for which the moving party seeks resolution, a statement of the specific order the moving party is requesting to effect resolution of the issue, and a very brief and summary statement of the grounds upon which the moving party believes the court may properly rely in issuing the requested order. Failure to include such a statement does not merely render a motion noncompliant with Federal Civil Procedure Rule 7(b)(1), but also forces the court to resort to the motion's caption or title, or to statements made in supporting documents, if any, to glean the motion's basic purpose, which will almost invariably result in relative delay in processing the motion.

Local Rule 7-1(b) provides that "[m]otions may not be combined with any response, reply, or other pleading." Each motion must be made to the court in a separate document. The court will not comb through the body of every document filed in an action to determine whether it may contain a request for court action that was not evident from its opening paragraphs.

---

[2] Local Rule 7-1(a) further requires that the caption of any motion not opposed by any non-moving party shall contain the word "UNOPPOSED."

Local Rule 7-1(c) provides that "[e]very motion must be accompanied by a separately filed legal memorandum. A legal memorandum exceeding twenty (20) pages must have a table of contents and a table of cases and authorities with page references." The parties evidence a degree of confusion as to what is meant by the term "legal memorandum." A legal memorandum contains *legal argument* – that is, a statement of the underlying facts material to the issue raised by the motion, a statement of the governing law applicable to the issue raised by the motion, and the moving party's explanation of how the governing law should be applied to the material facts to produce the moving party's requested resolution of the issue raised by the motion.

The "governing law" applicable to the issue raised by a motion may, generally speaking, be derived from one of four sources: the federal or state Constitution, federal or state legislation, under some circumstances the administrative regulations promulgated by federal or state agencies, and the decisions of federal or state judges interpreting provisions of any or all of the first three sources of law. A court will consider arguments derived from or premised on foreign law, canon law, ethical or moral principles, public policy, so-called "natural" law, or other sources, but will consider such arguments for their persuasive value only, and will not treat "law" derived from such sources as binding.

Where, as here, a federal district court's subject-matter jurisdiction is pursuant to 28 U.S.C. § 1332, based on the diversity of the parties and the amount in controversy, the district court will apply federal *procedural* law, and the *substantive* law of the state in which the court is located, in this case Oregon. *See Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Procedural" law concerns the rules governing a court's own procedures, as, for example, the rules governing motion practice or the presentation of

Page 13 - FINDINGS AND RECOMMENDATION

evidence.  "Substantive" law concerns the rules of law which govern the parties' rights and obligations to one another, as, for example, the laws governing defamation or breach of contract.

In its recital of the underlying facts material to the issue raised by the motion it supports, a legal memorandum is not and may not constitute evidence.  That is, statements made regarding factual issues in a legal memorandum will not be taken at face value unless they are supported by citations to evidence establishing their truth.  Frequently, therefore, in addition to a legal memorandum, a motion will be accompanied by a sworn affidavit or declaration containing the affiant or declarant's sworn testimony regarding the facts at issue.  Evidentiary exhibits may also be attached to such an affidavit or declaration, generally following the affiant or declarant's testimony regarding the provenance and nature of the attached exhibits, and certification that the attached exhibit is genuine.

It is worth emphasizing in this connection that the (mandatory) legal memorandum in support of a motion and the (optional) affidavit or declaration in support of a motion are, and must be filed as, separate documents.  Each serves a very different purpose:  the legal memorandum serves as the sole location to which the court must resort to learn the moving party's legal position regarding the party's motion, whereas the affidavit, where one is filed, contains evidence on which the moving party relies in support of the motion.

Once a moving party has raised an issue by filing a motion with the court, the party against whom the motion was filed (the opposing or nonmoving party) is given, absent extraordinary circumstances, an opportunity to respond.  An opposing party's response to a motion is not made by filing an additional motion – the moving party's motion has already raised the issue to be decided by the court – but rather by filing a legal memorandum in opposition to the moving

Page 14 - FINDINGS AND RECOMMENDATION

party's motion. The rules governing the opposing party's legal memorandum are the same as those governing the moving party's legal memorandum: the opposing party's memorandum contains the opposing party's legal argument in support of the opposing party's position on the moving party's motion, and factual statements made in the opposing party's memorandum do not constitute evidence. To the extent an opposing party either disputes the moving party's evidence or wishes to rely on evidence in addition to evidence offered by the moving party, the opposing party must offer his or her evidence by or through a separately filed affidavit or declaration.

In many cases, once an opposing memorandum has been filed, the moving party will have an opportunity to file a reply memorandum in further support of the moving party's motion. Such a reply memorandum will likewise contain legal argument in support of the moving party's position, and may be accompanied by a supporting evidentiary affidavit or declaration, if appropriate.

Where a party files a motion for *summary judgment*, additional procedural rules apply. The reason for this is twofold. First, a motion for summary judgment under Federal Civil Procedure Rule 56 will, if granted, constitute a final decision as to all or part of a lawsuit. Second, when a Rule 56 motion for summary judgment is filed, it imposes special burdens on the party against whom it is filed. Generally, summary judgment must be granted when there is no genuine dispute of material fact – that is, there is no real dispute about any fact that would affect the result of the legal action – and, on the undisputed facts, the party who asked for summary judgment is entitled to judgment as a matter of law. When a moving party files a motion for summary judgment, the party against whom the motion is filed must set out specific facts in depositions, authenticated documents, affidavits or declarations, stipulations, admissions,

Page 15 - FINDINGS AND RECOMMENDATION

interrogatory answers, or other materials, as provided in Rule 56(c), that contradict the facts

shown in the moving party's declarations and documents and show that there is a genuine dispute

of material fact for trial.

Local Rule 56-1 governs the procedural rules applicable to motions for summary

judgment. Local Rule 56-1 has been modified since December 22, 2010, when I described some

of its then-applicable provisions to the parties. Specifically, "[e]ffective January 1, 2011, the

court eliminated the requirement of filing a Concise Statement of Material Facts based on the

Local Rules Advisory Committee's recommendation and public comment." L.R. 56-1, cmt 1. In

its current form, Local Rule 56-1 now provides as follows:

> (a) Supporting Factual Positions
>
> A party's factual positions must be supported by citations, by page and line as appropriate, to the particular parts of materials in the record. Unless otherwise ordered by the court, a party is not required to file a separate Concise Statement of Material Facts.
>
> (b) Evidentiary Objections
>
> Rather than filing a motion to strike, a party may assert evidentiary objections in its response or reply memorandum. If an evidentiary objection is raised in the non-moving party's response memorandum, the moving party may address the objection in its reply memorandum; the non-moving party may not file further briefing on its evidentiary objection. If an evidentiary objection is raised by the moving party in its reply memorandum, the non-moving party may file a surreply memorandum pursuant to this subparagraph within seven (7) days addressing only the evidentiary objection; the moving party may not file further briefing on its evidentiary objection. If a party asserts an evidentiary objection in a motion to strike evidence, no reply memorandum is permitted. Unless otherwise ordered by the court, any oral argument as to evidentiary objections will be scheduled for the same time as the summary judgment motion.

L.R. 56-1.

Additional procedural requirements likewise apply when a party moves for leave to amend

his or her pleading.  Under Federal Civil Procedure Rule 7(a), the following documents constitute

pleadings:

    (1)     a complaint;

    (2)     an answer to a complaint;

    (3)     an answer to a counterclaim designated as a counterclaim;

    (4)     an answer to a crossclaim;

    (5)     a third-party complaint;

    (6)     an answer to a third-party complaint; and

    (7)     if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).  The basic reason why special procedural rules apply to the amendment of a

pleading is that a party against whom claims have been alleged (or a party against whose claims

defenses have been alleged) in a legal action is entitled to understand the nature of the claims (or

defenses) without need for guesswork, undue burden, or surprise.  In consequence, Federal Civil

Procedure Rule 15(a) provides that a party may amend his or her pleading "as a matter of course"

*only* within 21 days after first serving the pleading on the opposing party or parties, or , if the

pleading is one to which a responsive pleading is required (as, for example, a complaint), within

21 days after the earlier of service of a responsive pleading or service of a responsive motion to

dismiss under Federal Civil Procedure Rule 12(b), (e), or (f).  *See* Fed. R. Civ. P. 15(a)(1).  After

that time, "a party may amend its pleading only with the opposing party's written consent or the

court's leave."  Fed. R. Civ. P. 15(a)(2).  To obtain leave of court to amend a pleading, a party

must first move for such leave.

     Local Rule 15-1 provides certain procedural requirements relating to the amendment of a

pleading. Under Local Rule 15-1(d), a party moving for leave to amend a pleading must attach as an exhibit to the motion a copy of the proposed new pleading. L.R. 15-1(d)(1). If the motion is granted, the successful moving party must then file the new, amended pleading with the court. L.R. 15-1(d)(2). The clerk of court will not accept the copy filed as an exhibit to the motion for leave as the amended pleading. L.R. 15-1(d)(3).

In addition, under Local Rule 15-1(c) any amended pleading "must reproduce the entire pleading and may not incorporate any part of the prior pleading by reference." L.R. 15-1(c). That is, a party seeking to amend his or her pleading may not (without leave of court to do so) file "additions" or "supplements" to an existing pleading, with the result that the party against whom the pleading was filed must look to multiple documents in order to determine the nature of the claims alleged. Instead, any amended pleading must completely supercede all previous pleadings, so that the party against whom the pleading was filed can determine all of the claims alleged by referring to only a single document.

Finally, under Local Rule 15-1(c) any party moving for leave to amend a pleading must, in the mandatory legal memorandum supporting the motion, describe with particularity all of the proposed changes to the party's pleading. L.R. 15-1(c).

The foregoing is not intended to serve as legal advice to the parties, but rather to serve as a guide to compliance with a limited subset of procedural rules applicable to federal motion practice. The parties' compliance with the procedural rules referenced herein will be strictly enforced, as indicated above.

## II.   Procedurally Defective Motions

As noted above, a majority of the motions filed in this action following my December 22,

2010 advice to the parties that compliance with Local Rules 7-1(a), 7-1(c), and 56-1 would be strictly enforced are noncompliant with those Local Rules. In consequence, I recommend denial of each of the noncompliant motions. However, for the convenience of the parties, I provide additional discussion of each motion, as follows, below.

A.    **Brewer's Motion (#53) for Criminal Charges**

Brewer filed her motion (#53) for criminal charges without including the required certification of compliance with Local Rule 7-1(a) and without filing a legal memorandum in support, as required by Local Rule 7-1(c). In addition, the motion contains no statement of Brewer's grounds for seeking relief from the court, as required by Federal Civil Procedure Rule 7(b).

Brewer's motion reads, in its entirety, as follows: "Defendant moves this court to file criminal charges against Plaintiff for the criminal activities that he participated in in this matter." Even if Brewer were to correct the procedural defects of her motion, even if Brewer were to state with specificity the relief she seeks (presumably by specifying the "criminal charges" she moves the court to bring against Wright), and even if Brewer were to set forth in a separately filed legal memorandum adequate grounds for bringing criminal charges against Wright, the court would be unable to grant the relief Brewer apparently seeks through her motion. The court is simply without authority to serve in the prosecutorial role Brewer apparently envisions, even if the court were inclined to forgive the motion's procedural defects.

If Brewer believes that Wright's conduct warrants criminal prosecution, she is directed to consult with law enforcement officials, the district attorney for the Oregon county in which she resides, or the Oregon attorney general's office. Brewer's motion for criminal charges should in

Page 19 - FINDINGS AND RECOMMENDATION

any event be denied.

**B.    Motions Related to Amendment of Pleadings:  Brewer's Motion (#54) for Counterclaim, Wright's Motion (#90) for Leave to Amend, Wright's Motion (#95) for Leave to Amend, Wright's Motion (#109) Styled as a Motion for Joinder, Wright's Motion (#118) Styled as a Motion for Joinder**

Brewer filed her motion (#54) for counterclaim without including the required certification of compliance with Local Rule 7-1(a) and, although one of the exhibits to her supporting affidavit is captioned as a "Memorandum in Support of Counterclaim," that document was not separately filed as required by Local Rule 7-1(c).  In addition, the motion contains no statement of Brewer's grounds for seeking relief from the court, as required by Federal Civil Procedure Rule 7(b).

Brewer's motion reads, in its entirety, as follows:  "Defendant moves the court for COUNTERCLAIM against Plaintiff."  None of the voluminous materials submitted in support of the motion contains any intelligible, specific statement of the counterclaim or counterclaims Brewer believes she may properly allege against Wright.  While it appears likely that Brewer believes she may be able to state a claim for fraud against Wright, nowhere in her supporting materials does she provide a clear statement of the circumstances purportedly constituting fraud.

Wright's two motions (#90, 95) styled as motions for leave to file additional claims against Brewer and his two motions (#109, 118) styled as motions for joinder were filed without supporting legal memoranda in support, as is required by Local Rule 7-1(c).  Instead, Wright filed in support of each motion the text of a new claim Wright proposes to add to his existing pleading.

Aside from the parties' failure to comply with Local Rules 7-1(a) and/or Local Rules 7-1(c) in connection with these five motions, all five motions are fatally procedurally defective in that they are out of compliance with the requirements of Federal Civil Procedure Rule 15 and

Local Rule 15-1.

As set forth in detail above, because the time within which a party may amend his or her pleading as a matter of course was passed when the parties filed their motions, the parties are required to request and obtain leave of court before they may amend their pleadings, as provided in Federal Civil Procedure Rule 15(a)(2).  Moreover, under Local Rule 15-1, a party seeking such leave must attach to his or her motion a copy of the proposed new pleading in its entirety, without incorporating by reference any portion of any previously filed pleading, and must describe with particularity in an accompanying legal memorandum all of the proposed changes to the pleading as previously filed.  *See* L.R. 15-1.  Grounds for excusing the parties' failure to comply with these procedural requirements do not exist here, despite the parties' *pro se* status, as Wright is entitled to know the nature of Brewer's counterclaim or counterclaims against him without being required to indulge in surmise and guesswork, and Brewer is entitled to know the nature of Wright's claims against her without being required to review and perhaps to reconcile multiple different documents.

Each of these five motions (#54, 90, 95, 109, 118) relating to the amendment of the parties' pleadings should be denied, without prejudice to the parties' right to refile, if warranted, after curing the motions' identified procedural defects.  If the parties intend to move for leave to amend their pleadings, they should be directed to do so by motions compliant with the procedural requirements of Federal Civil Procedure Rule 15 and Local Rule 15-1.[3]

---

[3] As noted above, I construe Wright's motion (#93) seeking relief from judgment in part as expressing Wright's intent to withdraw his claim for defamation to the extent alleged against defendant TAB.  In the event Wright moves for leave to amend his pleading, the proposed amended complaint he must file as an exhibit to his motion should confirm that his claim for defamation is alleged against defendant Brewer only.

Page 21 - FINDINGS AND RECOMMENDATION

### C.    Motion (#49) Styled as a Writ of Habeas Corpus ad Testificandum

To the extent Wright's motion (#49) styled as a writ of habeas corpus ad testificandum may properly be construed as a motion for issuance of such a writ, it is out of compliance with local Rules 7-1(a) and 7-1(c).

Through this document, Wright evidently seeks the court's order directing the warden of a penal institution in which Wright was at one time housed to deliver custody of Wright to the U.S. Marshals in order to permit Wright to testify in the trial of this matter. Aside from its procedural defects, this motion is therefore clearly premature, no trial date having yet been set in this matter. Wright's motion (#49) styled as a writ of habeas corpus ad testificandum should be denied.

### D.    Brewer's Motion (#71) Styled as a Motion for "Estoppel by Deed"

Brewer filed her motion (#71) styled as a motion for "estoppel by deed" without including the required certification of compliance with Local Rule 7-1(a). In addition, the motion contains no statement of Brewer's grounds for seeking relief from the court, as required by Federal Civil Procedure Rule 7(b).

Brewer's motion reads, in its entirety, as follows: "Defendant Brewer motions for estoppel by deed against Plaintiff." In the body of her supporting memorandum, Brewer indicates her belief that Wright "should be permanently stopped from damaging and injuring others, and should be forced to remedy all of his victims." Nowhere in the motion or in the supporting memorandum does Brewer indicate with specificity the nature of the relief she seeks from the court through this motion, nor does she provide any legal argument explaining why such relief could be appropriate.

Oregon law provides that "[t]o constitute an equitable estoppel, or estoppel by conduct, (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other

party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it." *Guardian Mgmt., LLC v. Zamiello*, 194 Or. App. 524, 530 (2004), *quoting Bennett v. City of Salem et al.*, 192 Or. 531, 541 (1951). None of the facts referenced in Brewer's supporting memorandum suggests that the doctrine of equitable estoppel has any bearing here. Setting aside the procedural defects of Brewer's motion, there appear to be no grounds for granting the relief requested. Brewer's motion (#71) styled as a motion for "estoppel by deed" should be denied.

### E.    Brewer's Motion (#73) Styled as a Motion for "Discovery of Facts in the Matter"

Brewer filed her motion (#73) styled as a motion for "discovery of facts in the matter" without including the required certification of compliance with Local Rule 7-1(a). In addition, the motion contains no statement of Brewer's grounds for seeking relief from the court, as required by Federal Civil Procedure Rule 7(b).

Brewer's motion reads, in its entirety, as follows: "Defendant motions the court for discovery." Analysis of Brewer's supporting memorandum provides no hint as to the nature of the relief Brewer seeks by and through this motion.

Setting the motion's procedural defects aside, the motion cannot be granted in light of the fact that it is not possible to determine what relief is sought. The parties are advised that they need not seek leave of court before conducting discovery in this action. Brewer's motion (#73) styled as a motion for "discovery of facts in the matter" should be denied.

### F.    Wright's Motion (#83) Styled as a Substitution of Parties

Wright's motion (#83) styled as a motion to substitute Marianne McCutcheon in place of

TAB as a defendant in this action was filed with a supporting declaration but no supporting legal memorandum. As such, the motion is noncompliant with Local Rule 7-1(c).

Setting that procedural defect aside, Wright's motion is further procedurally defective in that "substitution" (which is governed by Federal Civil Procedure Rule 25) is not an appropriate procedural mechanism for the relief Wright seeks. In the event Wright wishes to state claims against Marianne McCutcheon in lieu of one of the defendants in this action (or simply in addition to the defendants already named in this action), the procedural mechanism available to him for doing so is to amend his pleadings. In the event Wright wishes to amend his pleadings to state one or more claims against Marianne McCutcheon, he should be directed to do so by a motion compliant with the procedural requirements of Federal Civil Procedure Rule 15 and Local Rule 15-1, discussed above. Wright's motion (#83) styled as a substitution of parties should be denied.

### G.    Wright's Motion (#88) Styled as a "Subpoena"

Wright filed his motion (#88) styled as a "subpoena" without any supporting legal memorandum. In consequence, the motion is out of compliance with Local Rule 7-1(c).

The text of Wright's motions indicates, bafflingly, that it is intended as a "motion for subpoena [filed] in opposition to . . . docket entr[ie]s [27, 28, 30-32, and 50-59] . . . ." In his supporting declaration, Wright complains that he has never received copies of the filings docketed as Docket Nos. 27, 28, 30-32, or 50-59. It appears likely that Wright intends his filing to serve as a motion for an order directing the clerk of court to issue a subpoena commanding Brewer to produce copies of those filings for inspection.

The parties are advised that they may propound discovery requests on one another without need for the issuance of a subpoena. Subpoenas are used to compel the attendance of a *non-party*

to the action at a hearing or other proceeding, to require a *non-party* to the action to produce

documents or other evidence, or to require a *non-party* to the action to permit inspection of

documents or other evidence.  No subpoena is required when the person from whom discovery is

sought is a party to the action.

Setting the motion's procedural defects aside, it requests the court to issue a superfluous

order.  Wright's motion (#88) styled as a "subpoena" should be denied.

### H.    Wright's Filing (#98) Styled as a Motion "in Opposition"

As noted above, Wright's filing (#98) styled as a motion "in opposition" is best construed

as intended to serve as a memorandum in opposition to all of Brewer's motions to the extent that

those motions are out of compliance with applicable Local Rules, rather than to serve as a motion

seeking relief requested by Wright.  As such, the purported "motion" should be denied as moot.

### I.    Wright's Motion (#101) Styled as a Motion "for Expert Examination"

Wright filed his motion (#101) styled as a motion "for expert examination" without any

supporting legal memorandum.  As such, his motion is out of compliance with Local Rule 7-1(c).

By and through this motion, Wright requests that the court order forensic examination of

certain court filings (appearing at Docket Nos. 50-53), at Brewer's expense, to determine whether

the filings are forgeries.  However, Wright has not shown that good cause exists for issuing any

such order, or that the court has authority under the circumstances to order that any such forensic

examination, if warranted, should be at Brewer's expense.  Even if the motion's procedural defects

were set aside, Wright's motion (#101) styled as a motion "for expert examination" should be

denied.

**J.    Wright's Motion (#103) Styled as a Motion for Judicial Notice**

Wright filed his motion (#103) styled as a motion for judicial notice with a supporting declaration but no supporting legal memorandum. As such, his motion is out of compliance with Local Rule 7-1(c).

The federal courts may take judicial notice only of facts that are "not subject to reasonable dispute" and that are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, analysis of Wright's supporting declaration suggests that Wright seeks an order taking judicial notice that TAB operates under a variety of specified names. As this fact is neither "generally known" in Oregon nor "capable of accurate and ready determination" by resort to authoritative sources, it is not a fit matter for judicial notice. The parties are advised that a court's determination that a given proposition does not constitute fit matter for judicial notice constitutes neither a suggestion of the proposition's inaccuracy nor a suggestion that the proposition's accuracy cannot be established by evidence.

Setting the motion's procedural defects aside, the motion fails on its merits. Wright's motion (#103) styled as a motion for judicial notice should be denied.

**K.    Brewer's Motion (#113) Styled as a Motion for Default Judgment**

Brewer filed her motion (#113) styled as a motion for default judgment without including the required certification of compliance with Local Rule 7-1(a). In addition, the motion contains no statement of Brewer's grounds for seeking relief from the court, as required by Federal Civil Procedure Rule 7(b).

Brewer's motion reads, in its entirety, as follows: "Defendant motions the court for

Page 26 - FINDINGS AND RECOMMENDATION

DEFAULT JUDGMENT." Analysis of Brewer's supporting memorandum strongly suggests that Brewer does not seek default judgment in connection with any counterclaim that she may have filed or may intend to file in this action, but rather that she seeks default judgment in connection with various documents styled as invoices that she has sent to Wright. As a preliminary matter, the parties are advised that the court will only issue judgment on claims alleged in a properly filed pleading. Default judgment is not a procedural mechanism available to Brewer in connection with invoices she has unilaterally issued to Wright.

Setting the motion's procedural defects aside, the motion fails on its merits for seeking default judgment in connection with a matter not before the court. Brewer's motion (#113) styled as a motion for default judgment should be denied.

### L.    Wright's Motion (#79) to Dismiss

Wright filed his motion (#79) to dismiss Brewer's counterclaim without filing any legal memorandum in support. His motion is therefore out of compliance with Local Rule 7-1(c).

Moreover, Wright's motion is moot in that it seeks dismissal of Brewer's counterclaim, and Brewer has no counterclaim pending in this action. Wright's motion (#79) to dismiss should be denied.

### M.    Brewer's Motion (#58) for Summary Judgment

Brewer filed her motion (#58) for summary judgment without including the required certification of compliance with Local Rule 7-1(a). In addition, the motion contains no statement of Brewer's grounds for seeking relief from the court, as required by Federal Civil Procedure Rule 7(b).

Brewer's motion reads, in its entirety, as follows: "Defendant/CLAIMANT moves the

court, and settlor, for  SUMMARY JUDGMENT in favor of Defendant/CLAIMANT for all

redress, remedy, and indemnification, or GIVE DETAILED CAUSE WHY NOT IN WRITING."

Analysis of Brewer's near-unintelligible supporting memorandum establishes that the sole ground

Brewer advances in support of her motion is her set of related contentions that she has "accepted

this action for value and returns it to the court at par value in exchange for equal valuable

consideration," that "THIS MATTER HAS BEEN ASSIGNED AND DELIVERED TO THE

COURT FOR COLLECTION," and that "[a]ll offers are accepted and returned to the court for

value at par in fact and in deed."

I note Brewer's repeated practice of handwriting the phrases "accepted for value,"

"accepted and returned in exchange for equal consideration at par," "par exchange," and perhaps

other variations thereof, on court orders and other documents and then submitting those marked-

up documents to Wright or to the court, sometimes accompanied or followed by a document

purporting to be an invoice.  Analysis of Brewer's memorandum of law submitted in support of

her motion for summary judgment strongly suggests that she believes these phrases to have in this

context some unspecified illocutionary or otherwise talismanic force, power, or effect.  The

parties are advised that the practice of marking documents with any such phrase is without any

legal consequence:  the rights and obligations of the parties to a legal instrument are unaffected by

writing any such phrase on the instrument, by presenting any party with a copy of the instrument

bearing any such phrase, or by filing the instrument after it has been marked up with the phrase

with any governmental office or agency.

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

Because Brewer has not established that she is entitled to summary judgment as a matter of law, her motion would fail on the merits even if its procedural defects were set aside. Brewer's motion (#58) for summary judgment should be denied.

### N.    Wright's First Motion (#91) for Partial Summary Judgment

Wright filed his first motion (#91) for partial summary judgment simultaneously with a document styled as a supporting memorandum, but containing what analysis reveals as constituting a separate statement of purportedly undisputed facts in support of the motion. As such, the motion is out of compliance with Local Rule 7-1(c).

It appears from the motion's caption that it is intended to address Brewer's liability as to the two claims against her alleged in Wright's complaint as originally filed. Because Wright failed to file any document containing legal argument in support of his motion, it is difficult to ascertain with confidence the basis of Wright's belief that he is entitled to summary adjudication of those claims in his favor. The crux of his argument appears to be that Brewer admitted (in a

nine-page affidavit she filed with the court) to sending a specified letter to a third party, and that she has further admitted to sending Wright a notice purporting to dun him for $94,000 on a debt Wright did not incur. Even if established, however, neither proposition is sufficient to establish Brewer's liability as a matter of law on Wright's claims: the fact that Brewer may have admitted to sending a letter to any particular third party does not establish either the letter's defamatory character or that Wright suffered damages in consequence of the letter, *see Nat'l Union Fire Ins. Co. v. Starplex Corp.*, 220 Or. App. 560, 584 (2008), and the fact that Brewer may have attempted to collect on a non-existent debt does nothing to establish several of the essential elements of a claim for fraud, including Brewer's knowledge that any misrepresentations made in the course of the collection attempt were false when made, Wright's ignorance of the falsity of such misrepresentations, Wright's right to rely on those misrepresentations, Wright's actual reliance on those misrepresentations, Brewer's intent that Wright would rely on her misrepresentations to his detriment, or Wright's consequent damages, *see Merten v. Portland GE*, 234 Or. App. 407, 416 (2010).

Even setting aside the procedural defects in his motion, Wright fails to meet his burden to establish his entitlement as a matter of law to summary judgment on his claims. Wright's first motion (#91) for partial summary judgment should be denied.

**O.   Wright's Remaining Partial Summary Judgment Motions:  Wright's Motion (#96) for Partial Summary Judgment, Wright's Motion (#110) for Partial Summary Judgment, Wright's Motion (#120) for Partial Summary Judgment**

Each of Wright's remaining motions (#96, 110, 120) for partial summary judgment was filed, like his first motion for partial summary judgment, simultaneously with a document styled as a supporting memorandum, but containing what analysis reveals as constituting a separate

statement of purportedly undisputed facts in support of the motion. Because each motion was filed without any supporting memorandum of law, each motion is out of compliance with Local Rule 7-1(c).

In addition, each of the second though fourth motions for partial summary judgment seeks judgment as to claims that have not properly been filed in this action. As such, each motion is effectively moot.

Wright's second though fourth motions (#96, 110, 120) for partial summary judgment should be denied.

### III.    Wright's Motion (#33) for Appointment of *Pro Bono* Counsel

Wright moves the court for an order appointing Scott E. Warnick to represent him *pro bono* for all purposes in this civil action. As Wright does not offer grounds constituting good cause for the extraordinary relief requested, I recommend that the motion be denied.

### IV.    Wright's Motion (#93) Styled as a Motion Under Federal Civil Procedure Rule 60(b)

Analysis of the document filed in support of Wright's motion (#93) styled as a motion under Federal Civil Procedure Rule 60(b) suggests that it may be Wright's intent by and through his motion to request relief from the default judgment he has repeatedly requested against TAB (but which has not yet issued). It further appears that Wright intends this motion to effect the voluntary dismissal of Wright's defamation claim against TAB, on the grounds that Wright has apparently recently learned that his purported defamation was effected by Brewer rather than by TAB. In light of the foregoing, I recommend that Wright be deemed to have voluntarily withdrawn his defamation claim to the extent it is alleged against TAB, and that his motion (#93) for relief from judgment be otherwise denied as moot.

## V.    Wright's Motion (#125) for Sanctions

In support of his motion (#125) for sanctions against Brewer, Wright argues that sanctions are appropriate in light of Brewer's repeated failure to comply with applicable Local Rules after having been advised by the court of their existence and gravamen.  Wright specifically requests by way of sanctions that all of Brewer's pending motions be denied and stricken from the record, and that all of his own pending motions be granted.

As noted above, I have recommended that each of Brewer's pending motions be denied, both by reason of their procedural defects and on their merits.  Denial of the motions is a sufficient sanction, it is unnecessary to strike them from the record in addition.  Moreover, Wright cites no law or precedent in support of his contention that grant of Wright's pending motions could be an appropriate sanction for Brewer's procedural violations.  I therefore recommend that Wright's motion (#125) for sanctions be denied as moot.

## VI.    Default Judgment Against TAB

As noted above, on December 22, 2010, I ordered defendant TAB to show cause why default should not be entered against it in this action, based on the fact that TAB had not made any appearance in this action through counsel, and on the rule that persons other than natural persons may only appear in the person of a legal representative.  Neither TAB nor Brewer has filed any response to my order (#36) of December 22, 2010.

"It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008).  As such, Brewer is not entitled to appear on behalf of TAB.  As TAB has made no appearance in this action through any

Page 32 - FINDINGS AND RECOMMENDATION

legal representative, I recommend that default judgment be entered against TAB as to Wright's

claim for fraud.[4]  I further recommend that Wright's two motions (#60, 123) construable as

renewed motions for default judgment against TAB be denied as moot.

## CONCLUSION

For the reasons set forth above, I recommend that Wright's motion (#33) for appointment

of pro bono counsel, Wright's motion (#49) styled as a "writ of habeas corpus ad testificandum,"

Brewer's motion (#53) styled as a motion for "criminal charges," Brewer's motion (#54) styled as

a motion for "counterclaim," Brewer's motion (#58) for summary judgment, Wright's first motion

(#60) styled as a motion "in opposition," Brewer's motion (#71) styled as a motion for "estoppel

by deed," Brewer's motion (#73) styled as a motion for "discovery of facts in the matter," Wright's

motion (#79) styled as a motion to dismiss Brewer's counterclaim, Wright's motion (#83) to

substitute a party, Wright's motion (#88) for issuance of a subpoena, Wright's first motion (#90)

styled as a motion for leave to file additional claims, Wright's first motion (#91) for partial

summary judgment as to claims against Brewer, Wright's motion (#93) styled as a motion under

Federal Civil Procedure Rule 60(b), Wright's second motion (#95) styled as a motion for leave to

file additional claims, Wright's second motion (#96) for partial summary judgment as to claims

against Brewer, Wright's second motion (#98) "in opposition," Wright's motion (#101) styled as a

motion for "expert examination." Wright's motion (#103) for judicial notice, Wright's motion

(#109) styled as a motion for joinder of claims, Wright's third motion (#110) for partial summary

judgment as to claims against Brewer, Brewer's motion (#113) styled as a motion for default

---

[4]  For reasons set forth above, I have recommended that Wright's defamation claim be
construed as voluntarily withdrawn to the extent alleged against TAB.

Page 33 - FINDINGS AND RECOMMENDATION

judgment, Wright's motion (#118) styled as a motion for joinder of claims, Wright's fourth motion (#120) for partial summary judgment as to claims against Brewer, Wright's motion (#123) styled as a motion "to correct illegal and fraudulent court orders," and Wright's motion (#125) for sanctions be denied, and that default be entered against TAB as to Wright's claim for fraud.

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

### NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 34 - FINDINGS AND RECOMMENDATION

to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the

Federal Rules of Appellate Procedure should not be filed until entry of judgment.


Dated this 5th day of May, 2011.

_____
Honorable Paul Papak
United States Magistrate Judge

Page 35 - FINDINGS AND RECOMMENDATION