IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY STEVEN WRIGHT,
    Plaintiff,

v.

THE AMERICAN'S BULLETIN
NEWSPAPER CORP.,
CYNTHIA MARIE BREWER
    Defendants.

CV 10-6118-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

    Plaintiff *pro se* Anthony Steven Wright filed this action against defendants The American's Bulletin Newspaper Corp. and Cynthia Marie Brewer, on May 13, 2010, alleging defendants' liability for defamation and breach of contract. This court has jurisdiction over Wright's claims pursuant to 28 U.S.C. § 1332, based on the complete diversity of the parties and the amount in controversy.

    Now before the court are Wright's motion (#155) to compel discovery responses and

Page 1 - OPINION AND ORDER

Brewer's filing (#167) styled as a motion to dismiss. I have considered the parties' submissions and all of the pleadings on file. For the reasons set forth below, Wright's motion is granted and Brewer's filing is denied as moot.

## FACTUAL BACKGROUND

Wright served Brewer with his First Interrogatories on April 28, 2011. Brewer's response to Wright's interrogatories was due May 28, 2011. Brewer failed to make a timely response or to request extension of the time within which to respond.

On June 3, 2011, pursuant to Federal Civil Procedure Rule 37(a), Wright filed his motion to compel answers to interrogatories and for sanctions consisting of reasonable expenses of no less than $15.00 for postage and copies. On June 29, 2011, Brewer filed a document styled as a motion to dismiss but which, for reasons discussed below, I construe as an opposition to Wright's motion to compel.

## ANALYSIS

Pursuant to Federal Civil Procedure Rule 33, each of a propounding party's interrogatories "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If an interrogatory is objected to, "[t]he grounds for objecting . . . must be stated with specificity." Fed. R. Civ. P. 33(b)(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.*; *see also* L.R. 26.7(a) ("Failure to object to a discovery request within the time permitted by the Federal Rules of Civil Procedure, or within the time to which the parties have agreed, constitutes a waiver of any objection").

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to bring a

Page 2 - OPINION AND ORDER

motion to compel discovery responses if "a party fails to answer an interrogatory submitted under Rule 33 . . . ." Fed. R. Civ. Pro. 37(a)(3)(B)(iii) and (iv). If such a motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion. . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Pro. 37(a)(5)(A). Notwithstanding the foregoing, "the court must not order this payment if:"

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

*Id.* "Unless otherwise directed by the Court, the party against whom an order to compel has been entered must comply with the order within eleven (11) days after the date of entry of the order." L.R. 37.2.

Brewer's filing dated June 29, 2011, is styled as a motion to dismiss and, indeed, although the argument set forth in her supporting legal memorandum is largely unintelligible, her supporting argument does contain some suggestion that the motion could be directed at a pleading, specifically an amended pleading (Wright has not to date been granted leave to file an amended pleading and has not to date successfully filed any amended complaint in this action). However, the essential gravamen of Brewer's filing nevertheless appears to be that the court should deny Wright's motion (#155) to compel rather than that any claim should be dismissed.

Specifically, Brewer appears to argue that the court should deny Wright's motion to compel on the grounds that Brewer had trouble understanding the court's order setting the

motion to compel under advisement, and/or on the grounds that Brewer did not receive Wright's interrogatory requests in the mail from Wright. Brewer's arguments, so interpreted, do not provide grounds for denying Wright's motion. First, the fact that Brewer may have found the court's order setting Wright's motion under advisement difficult to understand is without impact on Brewer's unambiguous obligation under Federal Civil Procedure Rule 33 to respond to Wright's discovery requests. Second, the evidence appears to establish that Wright served Brewer with his interrogatory requests at P.O. Box 5000, Central Point, Oregon, 97502, which is the same address of record the court relies upon for Brewer. Brewer may not avoid compliance with her discovery obligations by refusing to accept mail from her opposing party.

In light of Brewer's clear failure to comply with her unambiguous discovery obligations, Wright's motion to compel production is granted. In light of Brewer's assertion that she did not receive Wright's interrogatories through the mail from Wright, Brewer shall have thirty days, rather than the customary eleven days, within which to respond to Wright's First Interrogatories. Brewer can find Wright's First Interrogatories attached as an exhibit to Wright's affidavit filed on June 10, 2011, in support of his motion, at Docket No. 157. Because there appears to be no further issue requiring resolution by the court in connection with Brewer's filing of June 29, 2011, that filing is denied as moot.

## CONCLUSION

For the reasons set forth above, Wright's motion (#155) is granted, and Brewer's filing (#167) dated June 29, 2011, is denied as moot. Brewer is directed to respond to Wright's First

///

///

Page 4 - OPINION AND ORDER

Interrogatories and to reimburse Wright for his reasonable expenses incurred in connection with bringing his motion in the amount of $15.00, within thirty days of the date hereof.

Dated this 8th day of August, 2011.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 5 - OPINION AND ORDER