IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY STEVEN WRIGHT,

       Plaintiff,

                                      CV 10-6118-PK

                                      OPINION AND
v.                                      ORDER

THE AMERICAN'S BULLETIN NEWSPAPER
CORPORATION, and CYNTHIA MARIE
BREWER,

       Defendants.

PAPAK, Magistrate Judge:

Plaintiff Anthony Steven Wright, an incarcerated prisoner proceeding *pro se*, filed this

action against defendants The American's Bulletin Newspaper Corporation ("TAB") and Cynthia

Marie Brewer on May 13, 2010, alleging the defendants' liability for defamation and breach of

contract. On May 5, 2011, I recommended, *inter alia*, that default judgment be entered against

TAB for failure to appear, and on June 2, 2011, Judge Mosman adopted my recommendations as

his own opinion, without modification. This court has jurisdiction over Wright's action pursuant

to 28 U.S.C. § 1332, based on the diversity of the parties and the amount in controversy.

Now before the court are plaintiff Wright's motion (#174) for leave to file a motion for

Page 1 - OPINION AND ORDER

leave to depose incarcerated prisoners Frank Joseph Ronghi and James Brian Wright, motion
(#180) for leave to file a motion for contempt, motion (#184) for leave to file a motion to
compel, motion (#187) for leave to amend his pleading, motion (#190) styled as an "Unopposed
Motion for Leave for this Court to Immediately Stop *In Forma Pauperis* Money Collections from
Plaintiff for Breach of Contract, and Return Plaintiff's Full Fee's Stolen, Stolen Funds," and
motion (#193) styled as an "[Unoppose] Motion for Leave for Cynthia Marie Brewer's Failure to
Defend" (brackets original).  I have considered the motions and all of the pleadings on file.  For
the reasons set forth below, Wright's motion (#174) for leave to file a motion for leave to depose
incarcerated witnesses is granted and the subject motion (#177) for leave to depose incarcerated
witnesses is likewise granted, Wright's motion (#180) for leave to file a motion for contempt is
denied, Wright's motion (#184) for leave to file a motion to compel is granted, Wright's motion
(#187) for leave to amend his pleading is granted, Wright's motion (#190) is denied, and Wright's
motion (#193) is denied.

## RELEVANT PROCEDURAL HISTORY

Wright filed this action May 13, 2010, whereupon it was assigned to Judge Coffin.  On
November 10, 2010, this action was reassigned from Judge Coffin to the undersigned judge.  On
December 22, 2010, I ordered defendant TAB to show cause why default should not be entered
against it in this action, based on the rule that persons other than natural persons may only appear
in the person of a legal representative, and on the fact that TAB had not made any appearance in
this action through counsel.

In my order dated December 22, 2010, I additionally advised the parties of the existence
and gravamen of Local Rule 7-1(a) (which requires that the first paragraph of every motion filed

Page 2 - OPINION AND ORDER

with the court contain a statement certifying that the parties have made a good faith effort to

resolve the dispute which is the subject matter of the motion, that the opposing party willfully

refused to confer regarding the dispute, or that one of the parties is an incarcerated prisoner

proceeding *pro se*), Local Rule 7-1(c) (which requires that every motion be accompanied by a

separate, and separately filed, legal memorandum setting forth the legal argument in support of

the motion), and Local Rule 56-1 (which sets forth the procedural requirements for filing a

motion for summary judgment). I further advised the parties, in certain terms, that "in the event

any party files any further motion that fails to comply with any of the Local Rules discussed

above, I will deny the motion or recommend that the motion be summarily denied, as

appropriate, without further consideration."

On March 18, 2011, in response to the volume of submissions being filed by the parties, I

directed those parties who had appeared in the action "to cease filing additional documents

without first obtaining leave of this court to do so."

Neither TAB nor Brewer having filed any response to my order (#36) of December 22,

2010, on May 5, 2010, I recommended that the court enter default judgment against TAB. On

June 2, 2011, Judge Mosman adopted my recommendation as his own opinion.

On June 14, 2011, I modified my order (#116) dated March 18, 2011, to permit each party

to file a single motion to amend that party's pleading and to file a single dispositive motion

without first obtaining leave of court to do so, but directing the parties to request and obtain leave

of court before filing any other motions.

## ANALYSIS

I.    **Wright's Motion (#174) for Leave to File a Motion to Depose Incarcerated Witnesses**

By and through this motion, Wright seeks leave of court to move for leave to depose two incarcerated prisoners, specifically Frank Joseph Ronghi and James Brian Wright. Pursuant to Federal Civil Procedure Rule 30(a)(2)(B), leave of court is required before an incarcerated witness may be deposed. Wright's request for leave to file the subject motion is compliant with the court's order (#152) dated June 14, 2011, and the subject motion for leave to depose incarcerated witnesses is compliant with applicable procedural requirements.

Wright's motion (#174) for leave to file a motion seeking leave to depose incarcerated witnesses is granted. I note that the subject motion for leave to depose incarcerated witnesses has already been docketed, effective July 6, 2011, as Docket No. 177, with a supporting legal memorandum docketed as Docket No. 178, and a supporting affidavit docketed as Docket No. 179. Brewer has not responded in any way to the motion for leave to depose incarcerated witnesses.

Pursuant to Rule 30(a)(2), "the court must grant leave [to depose incarcerated witnesses] to the extent consistent with Rule 26(b)(2)." Federal Civil Procedure Rule 26(b)(2) provides limits on the frequency and extent of depositions or interrogatories that are not currently at issue here. Wright's motion (#177) for leave to depose incarcerated prisoners is therefore granted. Wright is advised that he must comply with all applicable requirements for noticing the subject depositions and other formal requirements as set forth in Federal Civil Procedure Rule 30(b) and Local Rules 30-1 through 30-5, and that he will be required to bear any costs incurred in connection with scheduling and taking the contemplated depositions. Wright is further advised

that this court's order granting him leave to take the depositions of two incarcerated prisoners will in no way constitute an order directing the Bureau of Prisons or the institutions where Wright and the proposed deponents are housed to overrule or otherwise modify their applicable policies or procedures governing the deposition of inmates by other incarcerated persons.

**II.      Wright's Motion (#180) for Leave to File a Motion for Contempt**

By and through this motion, Wright seeks leave of court to move for entry of a contempt order against Brewer by reason of her failure to timely file any opposition to Wright's motion (#155) to compel production of discovery documents.  As discussed in my order (#197) dated August 8, 2011, Brewer filed an opposition (#167) to Wright's motion (#155) to compel production of discovery documents, and moreover did so in timely fashion, although her opposition was misleadingly styled as a motion to dismiss.  In any event, even had Brewer filed no opposition whatsoever to Wright's motion, her failure to do so would not constitute grounds for entry of a contempt order against her; the only consequence of failure to oppose Wright's motion would have been potential prejudice to her ability to resist the motion.

Because it would be futile to grant the requested leave to file a motion for entry of a contempt order, Wright's motion (#180) is denied.

**III.     Wright's Motion (#184) for Leave to File a Motion to Compel**

By and through this motion, Wright seeks leave of court to move for an order compelling Brewer to respond to Wright's discovery requests.  Wright's request for leave to file the subject motion is compliant with the court's order (#152) dated June 14, 2011, and the subject motion to compel is compliant with applicable procedural requirements.  Wright's motion (#184) for leave to file a motion to compel is therefore granted.

IV.     **Wright's Motion (#187) for Leave to Amend his Pleading**

By and through this motion, Wright seeks leave of court to file an amended pleading. Wright's motion is compliant with the court's order (#152) dated June 14, 2011, and compliant with applicable procedural requirements.  Brewer has filed no opposition or other response to Wright's motion.

After a defendant has filed a response to an initially-filed complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Federal Civil Procedure Rule 15 specifies that "[t]he court should freely give leave when justice so requires." *Id.*  The Ninth Circuit has specified that Rule 15 is to be interpreted with "extreme liberality," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), *citing United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), although leave to amend is nevertheless "not to be granted automatically," *id.*

A motion for leave to amend should be granted unless there has been a showing that to permit the amendment would produce an undue delay in the litigation, that the motion was brought in bad faith or out of dilatory motive, that the movant has repeatedly failed to cure deficiencies in the complaint by previous amendments, that the proposed amendment would unduly prejudice an opposing party, or that the proposed amendment would result in futility for lack of merit. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Moreover, it is well settled that, of these factors, the most important is the potential for prejudice to opposing parties, *see Jackson*, 902 F.2d at 1387, *citing Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971), that futility alone is sufficient grounds for denying a motion to amend, *see Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), *quoting Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th

Page 6 - OPINION AND ORDER

Cir. 2003), and that undue delay alone is insufficient to justify the denial of a motion for leave to

amend, *see Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The Ninth Circuit has held that

"a district court does not abuse its discretion in denying a motion to amend where the movant

presents no new facts but only new theories and provides no satisfactory explanation for his

failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.

1995), *citing Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). The district courts

have authority to grant a motion for leave to amend only in part where the factors justifying

denial apply only to some and not to all of the proposed amendments. *See, e.g., Wagner v.

Posner*, Case No. 09-CV-3166 FCD KJN P, 2010 U.S. Dist. LEXIS 95062 (E.D. Cal. August 26,

2010); *Vieste, LLC v. Hill Redwood Dev.*, case No. C 09-04024 JSW, 2010 U.S. Dist. LEXIS

92387 (N.D. Cal. August 11, 2010); *Hildes v. Andersen*, Case No. 08-CV-8-BEN, 2010 U.S.

Dist. LEXIS 72086, 28-29 (S.D. Cal. July 19, 2010).

Here, there has been no showing that to permit the amendment would produce an undue

delay in the litigation, that the motion was brought in bad faith or out of dilatory motive, that

Wright has repeatedly failed to cure deficiencies in the complaint by previous amendments, that

the proposed amendment would unduly prejudice an opposing party, or that the proposed

amendment would result in futility for lack of merit. Wright's motion (#187) for leave to amend

is therefore granted.

**V.      Wright's Motion (#190) Styled as an "Unopposed Motion for Leave for this Court to
Immediately Stop *In Forma Pauperis* Money Collections from Plaintiff for Breach of
Contract, and Return Plaintiff's Full Fee's Stolen, Stolen Funds"**

By and through this motion and the documents filed in support, Wright appears to allege

both that the penal institution in which he is housed is violating applicable rules governing the

withdrawal of moneys from an inmate's trust account and that this court has accepted an overpayment of filing fees in *Wright v. American's Bulletin* et al., 3:09-CV-10-PK. I note that Wright's motion is not compliant with the court's order (#152) dated June 14, 2011, in that rather than seek leave of court to file a motion to enjoin the complained-of practices and to order return of the purported overpayment, the motion appears to request such relief directly. I therefore construe the motion as a request for leave of court to file a motion to enjoin the complained-of practices and to order return of the purported overpayment.

I take judicial notice that the amount paid to date by the plaintiff in *Wright v. American's Bulletin* et al., 3:09-CV-10-PK toward the applicable $350.00 filing fee is $223.69, and that the amount paid to date by the plaintiff in this action toward the applicable $350.00 filing fee is $116.55. To the extent Wright contends that he has overpaid either filing fee, I note that the facts do not bear out his contention. To the extent that Wright alleges that moneys have been improperly withdrawn from his inmate trust account, I note that no party to this action is alleged to be responsible for any such impropriety, and that any such impropriety would clearly be beyond the scope of the pleadings in this action. Because it would be futile to grant leave to file a motion to enjoin further withdrawals from Wright's inmate trust account or to order return of a nonexistent overpayment, Wright's motion (#190) is denied.

VI.    **Wright's Motion (#193) Styled as an "[Unoppose] Motion for Leave for Cynthia Marie Brewer's Failure to Defend"**

By and through this motion and the documents filed in support, Wright appears to seek imposition of some unspecified sanction against Brewer based on the inadequacies of her answer to his complaint and her purported failure to oppose his motion (#155) to compel. Wright's

motion is not compliant with the court's order (#152) dated June 14, 2011.

As noted above, Brewer did in fact file an opposition to Wright's motion to compel, although her opposition was misleadingly styled as a motion to dismiss. Moreover, the motion alleges no grounds for imposition of any sanction, and does not identify any sanction that might appropriately be imposed. Wright's motion (#193) is denied.

### CONCLUSION

For the reasons set forth above, Wright's motion (#174) for leave to file a motion for leave to depose incarcerated witnesses is granted and the subject motion (#177) for leave to depose incarcerated witnesses is likewise granted, Wright's motion (#180) for leave to file a motion for contempt is denied, Wright's motion (#184) for leave to file a motion to compel is granted, Wright's motion (#187) for leave to amend his pleading is granted, Wright's motion (#190) is denied, and Wright's motion (#193) is denied. The clerk of court is directed to return to Wright the undocketed materials filed in connection with Wright's motion (#180) to file a motion for contempt. The clerk of court is further directed to docket the motion to compel that is the subject of Wright's motion (#184) for leave to file a motion to compel, and to docket as Wright's First Amended Complaint the proposed amended pleading filed in support of Wright's motion (#187) for leave to amend.

Dated this 11th day of August, 2011.

Honorable Paul Papak
United States Magistrate Judge