IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY STEVEN WRIGHT,

     Plaintiff,

                                      CV 10-6118-PK

                                      AMENDED OPINION
v.                                  AND ORDER

CYNTHIA MARIE BREWER and
DEAN G. BEESON,

     Defendants.

PAPAK, Magistrate Judge:

     Plaintiff Anthony Steven Wright, an incarcerated prisoner proceeding *pro se*, filed this

action against defendants The American's Bulletin Newspaper Corporation ("TAB") and Cynthia

Marie Brewer on May 13, 2010, alleging the defendants' liability for defamation and breach of

contract.  On May 5, 2011, I recommended, *inter alia*, that default judgment be entered against

TAB for failure to appear, and on June 2, 2011, Judge Mosman adopted my recommendations as

his own opinion, without modification.  Effective August 12, 2011, Wright amended his

complaint to name only Brewer and Dean G. Beeson as defendants.  This court has jurisdiction

over Wright's action pursuant to 28 U.S.C. § 1332, based on the diversity of the parties and the

amount in controversy.

Now before the court are plaintiff Wright's motion (#210) styled as an "[Unopposed] Motion for Leave for Sanctions" (brackets original), Wright's motion (#211) styled as an "Emergency [Unoppose [*sic*]] Motion for Leave to Compel" Brewer to serve Wright with her filings in this action (outer brackets original), and Wright's motion (#212) styled as an "[Unopposed] Motion for Leave for Extension of Time to File Dispositive Motions Beyond 8/15/2011" (brackets original). I have considered the motions and all of the pleadings on file. For the reasons set forth below, Wright's motion (#210) for "Leave for Sanctions" is construed as a request for leave to move for imposition of sanctions, and the motion so construed is denied; Wright's motion (#211) for "Leave to Compel . . . Brewer to Serve Plaintiff Pleadings" is construed as a request for leave to move for an order compelling Brewer to serve her filings in this action on Wright, and the motion so construed is denied; and Wright's motion (#212) for "Leave for Extension of Time to File Dispositive Motions" is construed as a request for leave to move for extension of case deadlines, the motion so construed is granted, and the subject motion for extension of case deadlines is granted as set forth below.

## RELEVANT PROCEDURAL HISTORY

Wright filed this action May 13, 2010, whereupon it was assigned to Judge Coffin. On November 10, 2010, this action was reassigned from Judge Coffin to the undersigned judge. On December 22, 2010, I ordered defendant TAB to show cause why default should not be entered against it in this action, based on the rule that persons other than natural persons may only appear in the person of a legal representative, and on the fact that TAB had not made any appearance in this action through counsel.

Page 2 - AMENDED OPINION AND ORDER

In my order dated December 22, 2010, I additionally advised the parties of the existence and gravamen of Local Rule 7-1(a) (which requires that the first paragraph of every motion filed with the court contain a statement certifying that the parties have made a good faith effort to resolve the dispute which is the subject matter of the motion, that the opposing party willfully refused to confer regarding the dispute, or that one of the parties is an incarcerated prisoner proceeding *pro se*), Local Rule 7-1(c) (which requires that every motion be accompanied by a separate, and separately filed, legal memorandum setting forth the legal argument in support of the motion), and Local Rule 56-1 (which sets forth the procedural requirements for filing a motion for summary judgment).  I further advised the parties, in certain terms, that "in the event any party files any further motion that fails to comply with any of the Local Rules discussed above, I will deny the motion or recommend that the motion be summarily denied, as appropriate, without further consideration."

On March 18, 2011, in response to the volume of submissions being filed by the parties, I directed those parties who had appeared in the action "to cease filing additional documents without first obtaining leave of this court to do so."

Neither TAB nor Brewer having filed any response to my order (#36) of December 22, 2010, on May 5, 2010, I recommended that the court enter default judgment against TAB.  On June 2, 2011, Judge Mosman adopted my recommendation as his own opinion.

On June 14, 2011, I modified my order (#116) dated March 18, 2011, to permit each party to file a single motion to amend that party's pleading and to file a single dispositive motion without first obtaining leave of court to do so, but directing the parties to request and obtain leave of court before filing any other motions.

Page 3 - AMENDED OPINION AND ORDER

Effective August 12, 2011, Wright amended his pleading to state claims against Brewer and Beeson only.

## ANALYSIS

As a preliminary matter, I note that each of the three motions now before the court is out of compliance with the court's order (#152) dated June 14, 2011, directing the parties to request and obtain leave of court before filing any motion other than, for each party, one motion to amend and one dispositive motion. Although each motion has the word "leave" in its title, upon analysis each may better be construed as a motion seeking relief from the court rather than as a request for leave to file a motion seeking relief, with the titular word "leave" serving only a cosmetic function, a form of lip service to the court's order.

The purpose of the court's order was not to create an arbitrary additional procedural burden in connection with motion practice in this action (although it has necessarily and foreseeably had that effect). Instead, the purpose of the motion was twofold: first, to put the parties on notice of the advisability of exercising judgment before filing a motion with the court, in order to assure that every motion filed is non-frivolous, is not duplicative of a previously filed motion, is procedurally appropriate, requests relief within the authority of the court to grant, and is made in good faith; and, second, to create a procedural mechanism for relatively speedy and unburdensome disposition of those motions filed by the parties that are frivolous, duplicative, procedurally inappropriate, outside the scope of the court's authority, or made in bad faith. While the order may not have been entirely successful in accomplishing the first of its twofold purposes, it has to date served effectively to facilitate the efficient denial of patently meritless motions.

Page 4 - AMENDED OPINION AND ORDER

In light of the foregoing, and in the interests of promoting judicial efficiency, I elect to construe each of the motions now before the court as containing an implicit request for leave to move for the requested relief. The parties are nevertheless advised of their obligation to comply with court orders, and are reminded of the need for exercising good judgment before electing to file further motions in this action, as discussed above.

## I.    Wright's Motion (#210) for "Leave [to Move] for Sanctions"

By and through this motion (construed as discussed above), Wright seeks leave of court to file a motion seeking imposition of sanctions against Brewer, on the grounds that Brewer, an unrepresented party, has signed and presented to the court pleadings, written motions, and/or other papers that contain factual contentions entirely lacking in actual or anticipated evidentiary support, that set forth claims, defenses, and/or legal contentions unwarranted by existing law or by non-frivolous argument for extension, modification, or reversal of existing law, and/or that are presented for an improper purpose, in violation of Federal Civil Procedure Rule 11(b). In support of Wright's construedly proposed motion for imposition of sanctions, Wright references, and offers as supporting exhibits, certain of Brewer's filings that he singles out with particularity as containing unjustified factual contentions.

Analysis of the filings Wright expressly relies upon in support of the proposed motion does not reveal unjustifiable factual contentions, unwarranted claims, defenses, or legal contentions, or evidence of bad faith or improper purpose of a kind sufficient to warrant sanctions under Rule 11. While I by no means find that all of Brewer's filings in this action have been free of sanctionable content, Wright's Rule 11 motion as currently proposed lacks sufficient evidentiary support to permit imposition of the requested sanctions. In consequence, leave to file

Page 5 - AMENDED OPINION AND ORDER

the construedly proposed motion for imposition of sanctions is denied.

## II.    Wright's Motion (#211) for "Leave [to Move] to Compel . . . Brewer to Serve Plaintiff Pleadings"

By and through this motion (construed as discussed above), Wright seeks leave of court to move for an order to compel Brewer to serve Wright with her filings in this action. I note that the court is without authority to issue such an order. In consequence, the motion is denied.

Notwithstanding the foregoing, Brewer is advised that she may become subject to court-imposed sanctions in the event it is established that she is not properly serving Wright with her filings in this action. Such sanctions may include, without limitation, shifting some or all of Wright's costs to Brewer, prohibiting Brewer from opposing Wright's motions and/or from filing motions on her own behalf, and/or finding Brewer in contempt of court. Brewer is directed to serve Wright with all of her filings in this action in a manner compliant with the procedures set forth in Federal Civil Procedure Rule 5.

## III.    Wright's Motion (#212) for "Leave [to Move] for Extension of Time to File Dispositive Motions"

By and through this motion (construed as discussed above), Wright seeks leave of court to move for an order to extend the deadline for filing dispositive motions in this action, on the grounds that Brewer's allegedly dilatory discovery responses have prevented him from preparing such motions within the existing case deadlines. Wright's construed request for leave to move for extension of time is granted, and the clerk of court is directed to docket Wright's memorandum and affidavit in support of the motion.

Wright's construedly proposed motion is, moreover, granted as follows: all pretrial, discovery, and dispositive motions in this action are due by September 26, 2011.

Page 6 - AMENDED OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, Wright's motion (#210) for "Leave for Sanctions" is construed as a request for leave to move for imposition of sanctions, the motion so construed is denied, and the clerk of court is directed to return to Wright the memorandum and affidavit filed in support of the motion; Wright's motion (#211) for "Leave to Compel . . . Brewer to Serve Plaintiff Pleadings" is construed as a request for leave to move for an order compelling Brewer to serve her filings in this action on Wright, the motion so construed is denied, and the clerk of court is directed to return to Wright the memorandum and affidavit filed in support of the motion; and Wright's motion (#212) for "Leave for Extension of Time to File Dispositive Motions" is construed as a request for leave to move for extension of case deadlines, the motion so construed is granted, the clerk of court is directed to docket Wright's memorandum and affidavit filed in support of the motion, and the subject motion for extension of case deadlines is granted. All pretrial, discovery, and dispositive motions in this action are due by September 26, 2011.

Dated this 26th day of August, 2011.

Honorable Paul Papak
United States Magistrate Judge