IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY STEVEN WRIGHT,

        Plaintiff,

                              CV 10-6118-PK

v.                            OPINION
                              AND ORDER

THE AMERICAN'S BULLETIN NEWSPAPER
CORPORATION, and CYNTHIA MARIE
BREWER,

        Defendants.

PAPAK, Magistrate Judge:

      Plaintiff Anthony Steven Wright, an incarcerated prisoner proceeding *pro se*, filed this action against defendants The American's Bulletin Newspaper Corporation ("TAB") and Cynthia Marie Brewer on May 13, 2010, alleging the defendants' liability for defamation and breach of contract. On March 4, 2011, Wright filed two separate motions styled as motions to file "additional claims" against the defendants, and on March 11, 2011, and March 21, 2011, Wright filed two motions styled as motions for "joinder of claims." By and through each of these four motion, Wright sought to file "supplemental' pleadings, not to supercede his previously filed pleading or pleadings, but rather to allege claims in addition to those alleged in each previously

Page 1 - AMENDED OPINION AND ORDER

filed pleading, incorporating all previously filed pleadings by reference, such that, had the motions been granted, Wright's claims in this action would have been stated in not fewer than five separately filed documents. On May 5, 2010, I recommended, *inter alia*, that all four of the motions be denied,[1] and on June 2, 2011, Judge Mosman adopted my recommendations as his own opinion, without modification.

By and through my Findings and Recommendations dated May 5, 2010, I described in detail for the benefit of the parties many of the procedural rules governing pleadings and the amendment of pleadings, and expressly advised the parties that:

> under Local Rule 15-1(c) any amended pleading "must reproduce the entire pleading and may not incorporate any part of the prior pleading by reference." L.R. 15-1(c). That is, a party seeking to amend his or her pleading may not (without leave of court to do so) file "additions" or "supplements" to an existing pleading, with the result that the patty against whom the pleading was filed must look to multiple documents in order to determine the nature of the claims alleged. Instead, any amended pleading must completely supercede all previous pleadings, so that the party against whom the pleading was filed can determine all of the claims alleged by referring to only a single document.

Findings and Recommendation (#129), dated May 5, 2011, at 18. I further advised the parties that in the event either party elected to move once again for leave to amend, that such party should do so by motion "compliant with the procedural requirements of Federal Civil Procedure Rule 15 and Local Rule 15-1." *Id.* at 21.

On July 20, 2011, Wright moved for leave to amend his complaint to name and state claims against Brewer and a new defendant, Dean G. Beeson, only. On August 11, 2011, I granted Wright's motion for leave to amend, and directed the clerk of court to docket Wright's

---

[1] On May 5, 2011, I further recommended, *inter alia*, that default judgment be entered against TAB for failure to appear.

proposed amended pleading as Wright's first amended complaint. On August 12, 2011, the clerk of court docketed Wright's proposed amended pleading as Wright's first amended complaint (#202). Most recently, Wright has offered for filing an "original copy" of his first amended complaint, and a USM-285 form by and through which Wright requests that the United States Marshals serve Beeson with the amended complaint; these materials have not yet been docketed.

On closer inspection of Wright's first amended complaint, I conclude that Wright's motion for leave to amend dated July 20, 2011, may have been improvidently granted. The sole cause of action alleged in the subject amended pleading is titled as "Amended Count Two for Breach of Contract," strongly suggesting that, notwithstanding my advice to the parties that "any amended pleading must completely supercede all previous pleadings, so that the party against whom the pleading was filed can determine all of the claims alleged by referring to only a single document," and notwithstanding my direction that the parties comply with "the procedural requirements of Federal Civil Procedure Rule 15 and Local Rule 15-1" when moving for leave to amend, Wright's proposed amended pleading is once again intended to supplement rather than supercede his originally filed complaint.

Wright's amended complaint (#202) is therefore stricken from the docket. Wright shall have thirty days from the date hereof within which to file with the court an amended pleading intended to supercede in its entirety Wright's complaint as originally filed and the claims set forth therein, identifying in its caption all parties against whom Wright intends to allege claims in this action, and setting forth all claims Wright intends to allege in this action, without incorporation by reference of any other pleading or other document, whether in whole or in part. That pleading, when filed, shall be docketed as Wright's revised first amended complaint, and shall

Page 3 - AMENDED OPINION AND ORDER

serve as Wright's operative pleading in this action.

In the alternative, in the event Wright intends to abandon all claims set forth in his complaint as originally filed, Wright may instead advise the court that he intends to proceed on the sole claim alleged in his current proposed amended complaint. In that event, Wright's current proposed amended complaint shall be restored to the docket.

## CONCLUSION

For the reasons set forth above, Wright's amended complaint (#202) is stricken from the docket, Wright shall have thirty days from the date hereof within which to file with the court an amended pleading intended to supercede in its entirety Wright's complaint as originally filed, or, in the alternative, that he intends to abandon all claims set forth in his complaint as originally filed and to proceed on a single claim for breach of contract, and the clerk of court is directed to return to Wright the undocketed materials identified above.

Dated this 30th day of August, 2011.

_____
Honorable Paul Papak
United States Magistrate Judge