IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANTHONY STEVEN WRIGHT**,

    Plaintiff,

    v.

**CYNTHIA MARIE BREWER, et al.,**

    Defendants.

No. 3:10-cv-06118-PK

OPINION AND ORDER

**MOSMAN, J.**,

On November 30, 2011, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") [277] in the above-captioned case providing several recommendations with regard to motions filed by both parties, as detailed below. Plaintiff filed objections [299]. I adopt the F&R as my own opinion.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal

1 – OPINION AND ORDER

conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Mr. Wright makes two objections to the F&R. First, he argues that Magistrate Judge Papak incorrectly stated that there is no indication in the record that plaintiff ever formally noticed any of the contemplated depositions with regard to Magistrate Judge Papak's August 11, 2011, Order [198]. This issue is of no consequence, however, because plaintiff no longer seeks to depose the witnesses. Second, plaintiff argues that Magistrate Judge Papak erred by stating that plaintiff has filed no opposition to Ms. Brewer's Motion for Summary Judgment [243]. This issue is similarly of no consequence because Magistrate Judge Papak noted that plaintiff was not properly served with the motion at issue.

## CONCLUSION

Upon review, I ADOPT Magistrate Judge Papak's F&R [277] as my own opinion. Plaintiff's Motion to Compel [203] is GRANTED; within thirty days, defendant shall respond to plaintiff's subject discovery requests and shall reimburse plaintiff's costs incurred in connection with bringing this motion in the amount of $17.38. Plaintiff's construed Motion for Reconsideration [226] is DENIED AS MOOT. Plaintiff's Motion for Leave [229] is DENIED AS MOOT, and the clerk of court should return the subject proposed motion and supporting materials to plaintiff. Plaintiff's Motion for Leave [232] is also DENIED AS MOOT, and the clerk of court should similarly return the subject proposed motion and supporting materials to plaintiff. Plaintiff's construed Motion for Sanctions [234] is DENIED. Defendant is ordered to

show cause within thirty days why she should not be found in contempt of court, as detailed in Magistrate Judge Papak's F&R.   Plaintiff's Motion for Leave [238] to issue a subpoena *duces tecum* is DENIED with leave to refile.   Defendant's Motion for Leave [242] is DENIED AS MOOT.   Defendant's Motion for Summary Judgment [243] is DENIED.   Plaintiff's construed Motion for Sanctions [246] is DENIED.   Plaintiff's Motion for Leave [248] is DENIED.   Plaintiff's Motion for Leave [250] to issue a subpoena *duces tecum* is DENIED with leave to refile.   Plaintiff's Motion for Leave [252] to issue a subpoena *duces tecum* is DENIED with leave to refile.   Plaintiff's Motion for Leave [254] to move for a default judgment is DENIED.   Plaintiff's Motion for Leave [256] to take depositions is DENIED.   Plaintiff's Motion for Leave [258] to issue a subpoena *duces tecum* is DENIED with leave to refile.   Plaintiff's "Motion for Inspection and Discovery of Facts" [260] is DENIED AS MOOT. Plaintiff's "Motion for Claim" [264] is DENIED.   Plaintiff's "Motion for Execution and Enforcement of Claim in Anticipatory Repudiation" [267] is DENIED.   Plaintiff's "Motion to Compel Execution and Enforcement of Contract" [271] is DENIED.

    IT IS SO ORDERED.

    DATED this __23rd__ day of January, 2012.

    /s/ Michael W. Mosman
    MICHAEL W. MOSMAN
    United States District Court

3 – OPINION AND ORDER