IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY STEVEN WRIGHT,

     Plaintiff,

                                    CV 10-6118-PK

v.                                    FINDINGS AND
                                    RECOMMENDATION

CYNTHIA MARIE BREWER and
DEAN G. BEESON,

         Defendants.

PAPAK, Magistrate Judge:

Plaintiff Anthony Steven Wright, an incarcerated prisoner proceeding *pro se*, filed this

action against defendants The American's Bulletin Newspaper Corporation ("TAB") and Cynthia

Marie Brewer on May 13, 2010, alleging the defendants' liability for defamation and breach of

contract. On May 5, 2011, I recommended, *inter alia*, that default judgment be entered against

TAB for failure to appear, and on June 2, 2011, Judge Mosman adopted my recommendations as

his own opinion. Effective August 12, 2011, Wright amended his complaint to name only

Brewer and Dean G. Beeson as defendants, abandoning his claims and judgment against TAB.

Wright amended his complaint again effective September 15, 2011, to restate his defamation and

breach of contract claims against defendants Beeson and Brewer. This court has jurisdiction over

Page 1 - FINDINGS AND RECOMMENDATION

Wright's action pursuant to 28 U.S.C. § 1332, based on the diversity of the parties and the

amount in controversy.

On December 1, 2011, the court issued an order (#280) providing, *inter alia*, as follows:

> Any documents received by the court other than those required by this order[1] will
> be returned undocketed and unconsidered to their respective filing party, except
> that in the event of any further discovery dispute between the parties or a dispute
> between the parties or between any party and any third party over the issuance of
> or compliance with any subpoena, the parties may file motions or letters with the
> court in connection with such disputes.

Subsequent to the court's order dated December 1, 2011, the parties have filed numerous motions

and other documents, only a small number of which were authorized under the terms of the

court's order.

Now before the court, therefore, are Brewer's motion (#285) to strike the court's "order

for payment," Brewer's motion (#288) to compel interrogatory responses, Brewer's motion (#291)

to compel production of documents, Wright's motion (#305) for summary judgment, Wright's

---

[1] The only documents "required by" the court's order of December 1, 2011, are as
follows:

> [A] list of all those witnesses and evidentiary materials upon which [each] party
> intends to rely in the trial of this matter as to which the party believes one or more
> court-issued subpoenas and/or subpoenas duces tecum may be necessary, together
> with a declaration signed under oath setting forth the relevance of the identified
> witnesses and/or evidentiary materials, the person or persons to whom each such
> subpoena must issue, and the reason or reasons why the identified witnesses
> and/or evidentiary materials are available only through the issuance of a subpoena
> to the identified third party or parties [and] a document entitled "Proposed Pretrial
> Order" which specifically sets forth: (i) a list of the witnesses upon whose
> testimony the party intends to rely in the trial of this matter, (ii) a very brief
> summary of each such witness' expected testimony, (iii) a list of all documentary
> evidence upon which the party intends to rely in the trial of this matter, (iv) a very
> brief description of the contents of each such document, and (v) a list of any other
> evidence upon which the party intends to rely in the trial of this matter, together
> with a brief description of all such other evidence.

motion (#308) for extension of certain case deadlines, Wright's motion (#312) to voluntarily dismiss certain of his claims, Wright's motion (#332) to compel discovery responses, Wright's second motion (#335) to compel discovery responses, Wright's motion (#354) for civil arrest of Brewer, Wright's second motion (#359) for extension of certain case deadlines, and various additional filings not styled as motions, as discussed below. I have considered the motions and other filings as well as all of the pleadings on file. For the reasons set forth below, Brewer's motion (#288) to compel interrogatory responses should be denied without prejudice as discussed below, Brewer's motion (#291) to compel production of documents should be denied without prejudice as discussed below, Wright's motion (#308) for extension of certain case deadlines should be denied as moot, Wright's motion (#312) to voluntarily dismiss certain of his claims should be granted as discussed below, Wright's motions (#332, #335) to compel discovery responses should each be granted, Wright's second motion (#359) for extension of certain case deadlines should be granted as discussed below, Wright's breach of contract claim should be dismissed with prejudice as to all defendants, Beeson should be dismissed with prejudice as a defendant in this action, Brewer should be ordered to respond to Wright's discovery requests as discussed below, and Brewer should be ordered to pay Wright a total of $9.44 within thirty days in connection with Wright's foredescribed motions to compel discovery responses. In addition, Brewer's motion (#285) to strike the court's "order for payment" (together with Brewer's memorandum (#286) and affidavit (#287) in support thereof), Wright's motion (#305) for summary judgment (together with Wright's memorandum (#306) in support thereof), Wright's motion (#354) for civil arrest of Brewer (together with Wright's memorandum (#355) and affidavit (#356) in support thereof), and all of the parties' various filings at Docket Nos. 295, 296,

300, 314-316, 322-324, 326-331, 339-341, 345-347, 351-353, and 363-366 should be stricken from the docket, and each such filing should be returned to the party who filed it. Finally, for the reasons set forth below, the court should amend its order (#368) dated February 8, 2012, currently directing Brewer to tender payment of $17.38 in valid currency to Wright by not later than March 10, 2012, to direct Brewer instead to tender payment in the total amount of $32.28 in valid currency or by valid negotiable instrument by not later than February 22, 2012, pursuant to this court's court's order (#197) dated August 8, 2011, and this court's order (#349) dated January 23, 2012, failing which default judgment should be entered against Brewer in connection with Wright's defamation claim.

## RELEVANT PROCEDURAL HISTORY

Wright filed this action on May 13, 2010, whereupon it was assigned to Judge Coffin. On November 10, 2010, this action was reassigned from Judge Coffin to the undersigned judge. On December 22, 2010, I issued an order (#36) directing defendant TAB to show cause why default should not be entered against it in this action, based on the rule that persons other than natural persons may only appear through an attorney, and on the fact that TAB had not made any appearance in this action through counsel.

On March 18, 2011, in response to the volume of submissions being filed by the parties, I issued an order (#116) directing those parties who had appeared in the action "to cease filing additional documents without first obtaining leave of this court to do so."

Neither TAB nor Brewer having filed any response to my order (#36) of December 22, 2010, on May 5, 2010, I recommended that the court enter default judgment against TAB. On June 2, 2011, Judge Mosman adopted my recommendation as his own opinion.

On June 10, 2011, Wright filed a motion (#155) to compel Brewer to respond to Wright's interrogatory requests propounded April 28, 2011.

On June 14, 2011, I issued a minute order (#152) to modify my order (#116) dated March 18, 2011, to permit each party to file a single motion to amend that party's pleading and to file a single dispositive motion without first obtaining leave of court to do so, but directing the parties to request and obtain leave of court before filing any other motions.

On August 8, 2011, I issued an order (#197) granting Wright's motion (#155) to compel and ordering Brewer to respond to Wright's interrogatory requests and to reimburse Wright for his reasonable expenses incurred in connection with bringing his motion in the amount of $15.00 by not later than September 7, 2011. To date, Brewer has not tendered the ordered payment to Wright.

On August 12, 2011, Wright filed a motion (#203) to compel Brewer to respond to Wright's mixed set of requests for production and disclosure requests propounded on April 28, 2011.

Effective September 15, 2011, Wright amended his pleading to state his claims for breach of contract and for defamation against Beeson and Brewer only, effectively abandoning his claims and default judgment against TAB.

On November 30, 2011, I issued a Findings and Recommendation (#277) in which I recommended, *inter alia*, that Wright's motion (#203) to compel be granted and that Brewer be ordered to respond to the subject discovery requests and to reimburse Wright for his reasonable expenses incurred in connection with bringing his motion in the amount of $17.38.

As noted above, on December 1, 2011, I issued an order (#280) providing, *inter alia*, as

Page 5 - FINDINGS AND RECOMMENDATION

follows:

> Any documents received by the court other than those required by this order will
> be returned undocketed and unconsidered to their respective filing party, except
> that in the event of any further discovery dispute between the parties or a dispute
> between the parties or between any party and any third party over the issuance of
> or compliance with any subpoena, the parties may file motions or letters with the
> court in connection with such disputes.

Also as noted above, the only documents "required by" the order were the following:

> [A] list of all those witnesses and evidentiary materials upon which [each] party
> intends to rely in the trial of this matter as to which the party believes one or more
> court-issued subpoenas and/or subpoenas duces tecum may be necessary, together
> with a declaration signed under oath setting forth the relevance of the identified
> witnesses and/or evidentiary materials, the person or persons to whom each such
> subpoena must issue, and the reason or reasons why the identified witnesses
> and/or evidentiary materials are available only through the issuance of a subpoena
> to the identified third party or parties [and] a document entitled "Proposed Pretrial
> Order" which specifically sets forth: (i) a list of the witnesses upon whose
> testimony the party intends to rely in the trial of this matter, (ii) a very brief
> summary of each such witness' expected testimony, (iii) a list of all documentary
> evidence upon which the party intends to rely in the trial of this matter, (iv) a very
> brief description of the contents of each such document, and (v) a list of any other
> evidence upon which the party intends to rely in the trial of this matter, together
> with a brief description of all such other evidence.

In addition, the order (#280) dated December 1, 2011, withdrew the previous order (#152)

directing the parties to request and obtain leave of court before filing any motion other than, for

each party, one motion to amend and one dispositive motion.

By order (#301) dated December 29, 2011, in response to Brewer's motion (#294) for

extension of time, I extended the parties' deadlines for filing the pretrial submissions that were

the subject of the order (#280) dated December 1, 2011.

By order (#349) dated January 23, 2012, Judge Mosman adopted my Findings and

Recommendation (#277) dated November 30, 2011, as his own opinion, ordering *inter alia* that

Brewer respond to the discovery requests that were the subject of Wright's motion (#203) to compel and reimburse Wright in the amount of $17.38 for his reasonable expenses incurred in connection with bringing his motion by not later than February 22, 2012.

On February 1, 2012, the clerk of court received from Brewer through the mail a document characterized by Brewer as a "Private Draft," in a form resembling that of a personal check to be drawn on a bank, but bearing no routing number or identification of any financial institution and purporting to direct the clerk of court to pay Wright $17.38.

On February 8, 2012, Judge Mosman issued an order (#368) directing Brewer to tender payment of $17.38 in valid currency to Wright by not later than March 10, 2012, on pain of default.

## ANALYSIS

### I.      Filings in Contravention of the Court's Order (#280) Dated December 1, 2011

On December 21, 2011, Wright filed a document (#300) styled as a "judicial notice" of the fact that Wright propounded a set of discovery requests on defendant Beeson on December 1, 2011. I note, in connection with this filing, that the parties are not required to advise the court of the pendency of propounded discovery requests. I further note that this matter is not a fit subject for judicial notice. *See* Fed. R. Evid. 201(b).

On December 26, 2011, Brewer mailed to the court a packet of documents together with a cover letter requesting that the court exercise "descension [*sic*]" in determining whether or not to docket the included documents and indicating Brewer's preference that the "enclosed information . . . be kept private, except under necessity, for honor and justice." Brewer expressly requested that "the Clerk of court review the same documents and return them to [her] unfiled if that is in

Page 7 - FINDINGS AND RECOMMENDATION

the best interest of all. . . ." The enclosed documents include a document purporting to dun "Harley G. Lappin or acting Director BUREAU OF PRISONS" for $2 million, a settlement offer directed to Wright, and several documents of only dubious bearing on the issues raised in this action.[2] Among the enclosed documents, however, is a document styled as "Proposed Discovery Plan by Defendants," analysis of which suggests that it may be intended to serve as Brewer's proposed pretrial order. The Proposed Discovery Plan has been docketed at Docket No. 367, and the remainder of the documents have been returned undocketed to Brewer.

On December 27, 2011, Brewer filed a response (#284) to Wright's request for interrogatories propounded April 28, 2011. I note, in connection with this filing, that the parties are not required to file responses to discovery requests with the court.

Also on December 27, 2011, Brewer filed a motion (#285) styled as a motion to strike the court's "order for payment," by and through which Brewer apparently seeks an order striking from the docket that portion of the court's Findings and Recommendation (#277) dated November 30, 2011, in which the court recommended that Brewer be ordered to pay Wright $17.38. Brewer simultaneously filed a memorandum (#286) and an affidavit (#287) in support of her motion. I note, in connection with this motion, that my Findings and Recommendation (#277) dated November 30, 2011, did not contain any "order for payment," but rather only a recommendation that the court order such payment. The court did not order Brewer to tender $17.38 to Wright until it issued its order (#349) dated January 23, 2012. I further note that a court order is not a fit subject for a motion to strike. *See* Fed. R. Civ. P. 12(f).

---

[2] Moreover, although I do not so find or opine, on balance the argument contained in Brewer's submissions might fairly be argued to be more prejudicial than not to Brewer's position.

Page 8 - FINDINGS AND RECOMMENDATION

Also on December 27, 2011, Brewer filed with the court a document (#290) styled as a set of "interrogatories for discovery through interrogatories" and a document (#293) styled as a "command for production of documents for motion to compel plaintiff for discovery of facts through production of documents." Analysis of the documents suggests that the former is intended to propound a set of interrogatory requests and the latter a set of requests for production. I note, in connection with these filings, that the parties are not required to file propounded discovery requests with the court.

Also on December 27, 2011, Brewer filed with the court a document (#295) styled as a "settlement offer" and a document (#296) styled as a "true bill and accounting." Analysis of the documents suggests that the former is, as its styling suggests, an offer of settlement directed to Wright, and that the latter constitutes a purported invoice apparently intended as an attempt to dun either the clerk of court or the undersigned judge for $16 million in connection with the purported provision of fanciful and preposterous services. I note, in connection with the settlement offer, that the parties are not required to file offers of settlement with the court. In connection with the purported invoice, I note (as I have previously noted in connection with other, similar purported invoices) that the document is patently without legal effect or significance, and moreover that Brewer has previously been cautioned by the court that her repeated unilateral issuance of such purported invoices to court or government officials is improper and possibly sanctionable, *see* Findings and Recommendation (#277) dated November 30, 2011, at 16, n. 5.

Also on December 27, 2011, Wright filed with the court a document (#303) styled as Wright's "objections" to Brewer's response to his interrogatory requests and failure to respond to

Page 9 - FINDINGS AND RECOMMENDATION

his mixed set of requests for production and requests for disclosure. Wright simultaneously filed a memorandum (#304) in support of his "objections."

Also on December 27, 2011, Wright filed a motion (#305) for summary judgment, together with a memorandum (#306) and an affidavit (#307) in support thereof. By and through this motion, Wright purports to seek summary judgment as to both of his claims against defendant Brewer only, but the supporting argument set forth in his legal memorandum appears to address Wright's defamation claim only, and not his breach of contract claim.

On December 28, 2011, Wright filed a document (#314) styled as his "objections" to Brewer's motion (#285) styled as a motion to strike the court's "order for payment," together with a memorandum (#315) and affidavit (#316) in support. Analysis suggests that the document and materials filed in support thereof are collectively intended to serve as an opposition to Brewer's motion (#285).

Also on December 28, 2011, Wright filed a document (#317) styled as his "objections" to Brewer's motions (#288, #291) to compel (discussed below). Wright simultaneously filed a memorandum (#318) and affidavit (#319) in support of his "objections." Analysis of the document together with the supporting materials suggests that they are collectively intended to serve as Wright's opposition to Brewer's two motions to compel.

Also on December 28, 2011, Wright filed a document (#322) styled as his "objection" to Brewer's settlement offer (#295), together with a memorandum (#323) and affidavit (#324) in support.

On January 12, 2012, Wright filed a document (#326) styled as his "objection" to "Cynthia Marie Brewer's December 26, 2011 calling the Bureau of Prisons' Director and sending

Page 10 - FINDINGS AND RECOMMENDATION

him a $16,000,000.00 demand for payment 'after' Judge Papak warned her of sanctions." Wright simultaneously filed a memorandum (#327) and affidavit (#328) in support of his "objection."

Also on January 12, 2012, Wright filed a document (#329) styled as his "objection" to "Cynthia Marie Brewer's refusal to show cause" why she should not be found in contempt of court for her failure to tender Wright payment in the total amount of $32.28 Wright simultaneously filed a memorandum (#330) and affidavit (#331) in support of his "objection." I note, in connection with these filings, that as of January 12, 2012, Brewer had been ordered to pay Wright $15.00 (by order (#197) dated August 8, 2011), but had not yet been ordered to pay Wright an additional $17.38 (that payment was not ordered until Judge Mosman issued his order (#349) dated January 23, 2012).

On January 19, 2012, Wright filed a document (#339) styled as his "objection's [*sic*]" to "Cynthia Marie Brewers [*sic*] Document Titled 'Proposed Discovery Plan' . . . ." Wright simultaneously filed a memorandum (#340) and affidavit (#341) in support of his "objection's." By and through this document Wright seeks to challenge the factual accuracy of certain statements made in Brewer's "Proposed Discovery Plan (#367).

Also on January 19, 2012, Wright filed a document (#345) styled as his "objections that Cynthia Marie Brewer refused to submit a list of witnesses and evidentiary materials on which defendants intend to rely . . . in trial of this matter as ordered. . . ." Wright simultaneously filed a memorandum (#346) and affidavit (#347) in support of his "objections." By and through this document Wright takes issue with Brewer's failure to comply with the February 1, 2012, deadline set by this court's order (#301) dated December 29, 2011, for the parties to "submit to the court a list of all those witnesses and evidentiary materials upon which the party intends to rely in the

trial of this matter as to which the party believes one or more court-issued subpoenas and/or subpoenas duces tecum may be necessary, together with a declaration signed under oath setting forth the relevance of the identified witnesses and/or evidentiary materials, the person or persons to whom each such subpoena must issue, and the reason or reasons why the identified witnesses and/or evidentiary materials are available only through the issuance of a subpoena to the identified third party or parties." In connection with these filings, I note that as of January 19, 2012, the date the "objections" were filed, the court-ordered deadline of February 1, 2012, had not yet passed.

On January 25, 2012, Wright filed a document (#351) styled as his "objections that he cannot comply" with the court-ordered deadline for submission of a proposed pretrial order in this action, due to Brewer's continuing dilatoriness in responding to his discovery requests. Wright simultaneously filed a memorandum (#352) and affidavit (#353) in support of his "objections." By and through this document, Wright takes issue with Brewer's failure to respond adequately to his propounded discovery requests, despite court orders that she do so, but does not expressly seek relief from the court.

On January 26, 2012, Wright filed a motion (#354) styled as a motion for Brewer's "civil arrest," together with a supporting memorandum (#355) and affidavit (#356). By and through his motion, Wright seeks an order that Brewer be arrested for contempt of court due to her failure to pay the $17.38 she was ordered to pay Wright on January 23, 2012, *see* Docket No. 349, and/or the $15.00 she was ordered to pay Wright on August 8, 2011, *see* Docket No. 197.[3]

---

[3] Wright specifically indicates that Brewer's purported contempt of court arises out of her failure to pay $15.00 pursuant to the court's "order" (#277) dated November 30, 2011, but in fact that "order" is this court's Findings and Recommendations, which were only adopted by Judge

Page 12 - FINDINGS AND RECOMMENDATION

On February 3, 2012, Wright filed a document (#363) styled as his "objection to

defendants' continued paper terrorism," together with a memorandum (#364), an affidavit (#365,

and a certificate of service (#366) in support thereof. By and through this document, Wright

takes issue with Brewer's persistent practice of sending purported invoices to him and to Bureau

of Prisons officials; it appears that Brewer may most recently have purported to dun Bureau of

prisons officials for $16 million on January 23, 2012. Wright takes the position that Brewer's

practice is in contravention of the following language – self-evidently dicta – from Footnote 5 to

the court's Findings and Recommendation (#277) dated November 30, 2011:

> The document Brewer characterizes as a contract is more in the nature of an
> invoice than a contract, was clearly issued unilaterally by Brewer without Wright's
> knowledge or consent, and purports to dun Wright for fanciful "services" and
> "products" that clearly were never provided and, indeed, could not have been.
> The document is patently meaningless, and Brewer's attempt to seek judgment
> thereon might well be sanctionable, although I decline at this time to recommend
> imposition of sanctions.

My recommendations as to the foregoing motions and other filings are as follows. As to

Brewer's response (#284) to Wright's interrogatory requests, although the filing is out of

compliance with this court's order (#280) dated December 1, 2011, and although (as noted above)

the parties are not required to file discovery responses with the court (but rather may only satisfy

their discovery obligations by the simpler expedient of providing their responses to propounded

discovery requests directly to the propounding party), in light of the evident difficulties the

parties have had in communicating with one another over the course of these proceedings and in

light of the fact that the adequacy of Brewer's responses remains at issue in this action, I find that

---

Mosman through his order (#349) of January 23, 2012, just three days before Wright filed his
motion, and addressed Brewer's obligation to pay not $15.00 but rather $17.38. The order (#197)
directing Brewer to pay Wright $15.00 issued August 8, 2011.

Page 13 - FINDINGS AND RECOMMENDATION

it may be of value to the parties and to the court to refrain from striking the response from the docket pursuant to the court's order. I therefore recommend that the court take no action with respect to Brewer's filed response (#284) to Wright's interrogatory requests.

As to Brewer's filed discovery requests (#290, #293) of December 27, 2011, although the filings are likewise out of compliance with this court's order (#280) dated December 1, 2011, and although discovery requests, like discovery responses, need not be filed with the court, in light of the parties' pattern over the course of these proceedings of failed communications, I similarly find that it may be of value to the parties and to the court to refrain from striking the requests from the docket pursuant to the court's order. I therefore recommend that the court take no action with respect to Brewer's filed discovery requests (#290, #293).

As to Wright's filing (#303) styled as Wright's "objections" to Brewer's response to his interrogatory requests and failure to respond to his mixed set of requests for production and requests for disclosure, analysis suggests that the "objections" (#303) and supporting memorandum (#304) contain argument of clear relevance to Wright's motion (#335) to compel discovery responses (discussed in greater detail below. As such, I recommend that the "objections" (#303) and supporting memorandum (#304) be construed as supporting the subsequently filed motion (#335) to compel.

As to Wright's motion (#305) for partial summary judgment as to his defamation claim only, styled as a motion for summary judgment, the motion is clearly out of compliance with this court's order (#280) dated December 1, 2011. Moreover, analysis of the motion and supporting materials strongly suggests that, if the motion and supporting materials were considered, material questions would necessarily remain for determination by a finder of fact, including whether the

various letters sent by Brewer to Bureau of Prisons officials were defamatory in nature and whether Wright suffered damages in consequence of the letters. However, Wright's evidentiary proffer in connection with his motion – specifically, Wright's affidavit (#307) and the exhibits attached thereto – may fairly be construed as satisfying in whole or in part Wright's obligation under this court's order (#280) dated December 1, 2011, and order (#301) dated December 29, 2011, to produce lists of evidentiary materials upon which he intends to rely in the trial of this matter. I therefore recommend that Wright's affidavit (#307) be construed as constituting or supporting in whole or in part Wright's proposed pretrial order. Such construction should be without prejudice to Wright's authority to file a proposed pretrial order that supercedes in whole or in part the construed response filed at Docket No. 307.

As to Wright's filing (#317) styled as his "objections" to Brewer's motions (#288, #291) to compel, as noted above these filings appear intended to serve as Wright's opposition to Brewer's discovery motions. I therefore recommend that they be construed as such.

As to Brewer's filing (#367) styled as a "Proposed Discovery Plan by Defendants," as noted above, the filing may appropriately be construed as intended to serve as Brewer's proposed pretrial order. I therefore recommend that it be construed as such. Such construction should be without prejudice to Brewer's authority to file a proposed pretrial order that supercedes in whole or in part the construed response filed at Docket No. 367.

By contrast, analysis establishes that all of the documents filed at Docket Nos. 285-287, 295, 296, 300, 305-306, 314-316, 322-324, 326-331, 339-341, 345-347, 351-353, 354-356, 363-366 are in clear contravention of this court's order (#280) dated December 1, 2011, and moreover that none of them serves to advance the resolution of the parties' dispute or to bring

Page 15 - FINDINGS AND RECOMMENDATION

these proceedings closer to trial-readiness. I therefore recommend that each of the documents filed at Docket Nos. 285-287, 295, 296, 300, 305-306, 314-316, 322-324, 326-331, 339-341, 345-347, 351-353, 354-356, 363-366 be stricken from the docket and returned to the party who filed it, without further consideration by the court.[4]

## II.    Brewer's Motion (#288) to Compel Interrogatory Responses and Motion (#291) to Compel Production of Documents

On December 27, 2011, Brewer filed a motion (#288) styled as a motion "to compel plaintiff for discovery of facts through response to interrogatories" and a motion (#291) styled as a motion "to compel plaintiff for discovery of facts through production of documents." Although the materials filed in support of the motion are not particularly clear, it appears that they have been filed in connection with Brewer's discovery requests (#290, #293) also propounded on Wright on December 27, 2011. Because Wright's responses to the subject discovery requests were clearly not untimely as of the date the motions to compel were filed, each discovery motion (#288, #291) should be denied on its merits, without prejudice to Brewer's authority to refile in the event Wright has not subsequently provided Brewer with adequate responses.

## III.    Wright's Motions (#308, #359) for Extension of Certain Case Deadlines

By and through his motion (#308) for extension, filed December 27, 2011, Wright seeks this court's order for unspecified extension of his deadline for submitting a proposed pretrial order, on the ground that Brewer has not yet responded adequately to his long-pending discovery

---

[4] In the alternative, the court could appropriately disregard each of the specified filings and instruct the parties to do likewise. However, because many of the filings are of potentially confusing or prejudicial effect, I recommend that the specified filings be stricken rather than merely disregarded. Moreover, under the court's order (#280) dated December 1, 2011, it is appropriate that the documents be stricken and returned to their respective filing parties.

requests. By and through his more recently filed motion (#359) for extension, filed January 26, 2012, Wright seeks this court's order extending the deadline for submission of the parties' proposed pretrial orders from March 2, 2012, to July 1, 2012, on the ground that he has been placed in administrative segregation and his legal materials have been "confiscated." Because the second-filed motion effectively supercedes the first, I recommend that Wright's motion (#308) for extension be denied as moot. Because Wright offers in support of his second-filed motion evidence of hardship that would make it difficult or impossible for him to comply with the court-ordered deadline for submission of a proposed pretrial order, I further recommend that Wright's motion (#359) for extension filed January 26, 2012, be granted, and that the deadline for all parties to submit a proposed pretrial order in the form specified in this court's order (#280) dated December 1, 2011, and order (#301) dated December 29, 2011, be extended to July 1, 2012.

IV.    **Wright's Motion (#312) to Voluntarily Dismiss Certain of His Claims**

On December 28, 2011, Wright filed a motion (#312) to dismiss his breach of contract claim in its entirety, without prejudice, and to dismiss all of his claims to the extent alleged against defendant Beeson, also without prejudice. In connection with this motion, I note that, as of the present date, this action has been proceeding in this court for approximately 21 months.

A plaintiff's right to dismiss his own claims is governed by Federal Civil Procedure Rule 41. Rule 41 provides, in relevant part, as follows:

(a)    *Voluntary Dismissal.*

(1)    *By the Plaintiff.*

(A)    *Without a Court Order.* Subject to Rules 23(e), 23.1(c),

23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i)     a notice of dismissal **before the opposing party serves either an answer or a motion for summary judgment; or**

(ii)    a stipulation of dismissal signed by all parties who have appeared.

\* \* \*

(2)     *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a) (bolded emphasis supplied).  Here, because defendants have both answered Wright's complaint, and because defendants have not stipulated to the requested dismissals, Wright's claims in this action may only be dismissed "by court order, on terms that the court considers proper." *Id.*

This action has consumed a disproportionate quantity of judicial resources during its nearly two years of pendency, without achieving great progress toward resolution of the parties' dispute.  To dismiss Wright's breach of contract claim as to all defendants and defamation claim as to Beeson without prejudice would effectively constitute an open invitation for Wright to refile his claims at some later date, creating the possibility of effectively endless fruitless litigation on these issues.

Wright has had an adequate opportunity to pursue the subject claims in this action, and it

would be an inappropriate use of judicial resources to dismiss the claims without prejudice. I therefore recommend that the court grant Wright's motion, but that Wright's breach of contract claim be dismissed in its entirety with prejudice, and that Beeson be dismissed as a defendant in this action with prejudice. In the event the court accepts my recommendation, the only claim remaining at issue in this action will be Wright's defamation claim against Brewer.

**V.     Wright's Motions (#332, #335) to Compel Discovery Responses**

   **A.     Wright's Motion (#332) to Compel Interrogatory Responses**

On January 12, 2012, Wright filed a motion (#332) to compel discovery responses in connection with his interrogatory requests first propounded to Brewer on April 28, 2011. I note, in connection with this motion, that Wright first moved to compel Brewer to respond to the subject discovery requests on June 3, 2011, and that on August 8, 2011, the court ordered Brewer so to respond by not later than September 7, 2011. Through that same order (#197), the undersigned judge also ordered Brewer to pay Wright – also by not later than September 7, 2011 – the $15.00 in expenses he incurred in connection with bringing his motion of June 3, 2011. As noted above, Brewer has not yet tendered the $15.00 payment to Wright.

I further note in connection with this motion that Brewer provided Wright with a response (#284) to Wright's subject discovery requests on December 27, 2011. By and through Wright's current motion (#332), Wright challenges the adequacy of Brewer's interrogatory responses. In addition, Wright seeks an order compelling Brewer to reimburse him in the amount of $7.44, in connection with the expenses Wright incurred in connection with bringing the discovery motion now under discussion.

Upon analysis of Brewer's interrogatory responses (#284), I agree with Wright that

Brewer's responses are largely evasive and/or incomplete. I therefore recommend that Wright's motion (#332) to compel responses to Wright's interrogatory requests be granted, that Brewer be directed to provide complete, non-evasive responses to the subject requests within eleven days, and that Brewer be ordered to tender payment to Wright in the amount of $7.44 in valid currency or by a valid negotiable instrument within thirty days. Such payment should be ordered in addition to, and not in lieu of, the $15.00 Brewer has already been ordered to pay Wright in connection with these same discovery requests.

    **B.**    **Wright's Motion (#335) to Compel Production of Documents and "Disclosures"**

Also on January 12, 2012, Wright filed a motion (#335) to compel discovery responses in connection with his mixed set of requests for production and for "disclosures" first propounded on Brewer on April 28, 2011. I note, in connection with this motion, that Wright first moved to compel Brewer to respond to the subject discovery requests on August 12, 2011, and that on January 23, 2012, Judge Mosman granted Wright's motion by order (#349) directing Brewer to respond to the subject discovery requests and to reimburse Wright in the amount of $17.38 for the expenses he incurred in connection with bringing his motion of August 12, 2011, by not later than February 22, 2012. As noted above, on February 1, 2012, the clerk of court received from Brewer a document characterized by Brewer as a "Private Draft," in a form resembling that of a personal check to be drawn on a bank, but bearing no routing number or identification of any financial institution and purporting to direct the clerk of court to pay Wright $17.38. On February 8, 2012, Judge Mosman issued an order (#368) in which he noted that Brewer's "private draft" is not a valid financial instrument.

According to Wright's submissions in support of his current discovery motion, Brewer has yet to provide him with any response to his mixed set of requests for production and for "disclosures." By and through the motion (#335) to compel now under discussion, Wright seeks a second order from this court directing Brewer to comply with her discovery obligations in connection with this set of discovery requests. In addition, Wright seeks an order compelling Brewer to reimburse him in the amount of $2.00, in connection with the expenses Wright incurred in connection with bringing this most recent discovery motion.

In light of the fact that Brewer has already once been ordered to respond to these requests and has failed to comply with the court's order, I recommend that Wright's motion (#335) be granted, and that Brewer be ordered to provide complete and non-evasive responses to the subject discovery requests within eleven days. I further recommend that Brewer be ordered to tender tender payment to Wright in the amount of $2.00 in valid currency or by a valid negotiable instrument within thirty days, such payment to be in addition to the $7.44 payment recommended above, and in addition to the previously ordered (and unpaid) payments of $15.00 and $17.38.

## VI.    Recommendation Regarding Modification of the Court's Order (#368) to Show Cause Dated February 8, 2012

As already discussed, on February 1, 2012, the clerk of court received from Brewer through the mail a document characterized by Brewer as a "Private Draft." The so-called private draft superficially resembles a personal check of the kind commonly issued in connection with a personal or business checking account, but identifies no bank or other financial institution and bears no valid bank routing number. The private draft purports to direct the clerk of court to pay Wright $17.38, apparently in intended satisfaction of Brewer's obligation to Wright in that

amount. The document is patently without legal or other practical effect or force.

At the time Judge Mosman issued his order (#368) directing Brewer to tender payment of $17.38 in valid currency to Wright by not later than March 10, 2012, on pain of default, it had not been brought to Judge Mosman's attention that the undersigned judge had previously issued an order (#197) dated August 8, 2011, directing Brewer to make payment to Wright in the amount of $15.00, or that Brewer had to date failed to tender the ordered payment

I therefore recommend that the court modify the order (#368) dated February 8, 2012, to direct Brewer to tender payment to Wright in the total amount of $32.38, in valid currency or by valid negotiable instrument, by not later than February 22, 2012, failing which default shall be entered against her in connection with Wright's defamation claim.

## VII.    Caution to the Parties

As previously discussed, on December 1, 2011, the parties were directed in no uncertain terms to cease filing motions or other documents in this action, other than specifically ordered pretrial submissions or any filings in connection with any dispute over discovery relating to Wright's claims in this action. *See* Docket No. 280. Despite the court's unambiguous order to that effect, the parties have since flooded the docket with unauthorized submissions.

The parties are cautioned that any further filings not specifically ordered by the court, relating to an ongoing discovery dispute, or clearly calculated to further resolution of the parties' dispute or to bring these proceedings closer to trial-readiness may be met with sanctions.

## CONCLUSION

For the reasons set forth above, Brewer's motion (#288) to compel interrogatory responses should be denied without prejudice, Brewer's motion (#291) to compel production of

Page 22 - FINDINGS AND RECOMMENDATION

documents should be denied without prejudice, Wright's motion (#308) for extension of certain case deadlines should be denied as moot, Wright's motion (#312) to voluntarily dismiss certain of his claims should be granted as discussed above, Wright's motions (#332, #335) to compel discovery responses should each be granted, Wright's motion (#359) for extension of certain case deadlines should be granted, each of the documents filed at Docket Nos. 285-287, 295, 296, 300, 305-306, 314-316, 322-324, 326-331, 339-341, 345-347, 351-353, 354-356, 363-366 should be stricken from the docket and returned to the party who filed it, without further proceedings thereon, Wright's breach of contract claim should be dismissed with prejudice as to all defendants, defendant Beeson should be dismissed with prejudice as a defendant in this action, Brewer should be ordered to respond to the discovery requests that are the subject of Wright's motion (#332) to compel and Wright's motion (#335) to compel within eleven days, Brewer should be ordered to tender payment to Wright in the total amount of $9.44 in valid currency or by validly negotiable instrument within thirty days, the parties' deadline for submission of a proposed pretrial order should be extended to July 1, 2012, and the court should amend its order (#368) dated February 8, 2012, currently directing Brewer to tender payment of $17.38 in valid currency to Wright by not later than March 10, 2012, to direct Brewer instead to tender payment in the total amount of $32.28 in valid currency or by valid negotiable instrument by not later than February 22, 2012, failing which default judgment should be entered against Brewer in connection with Wright's defamation claim.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections

Page 23 - FINDINGS AND RECOMMENDATION

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 10th day of February, 2012

Honorable Paul Papak
United States Magistrate Judge